# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
Superior Court of California
County of Los Angeles

**NOV 2 9 2016**

Sherri R. Carter, Executive Officer/Clerk
By *Cristina Grijalva*, Deputy
Cristina Grijalva

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PETSMART, INC., a Delaware Corporation; and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LEA M. SMADJA, an individual, on behalf of herself and all others similarly situated, and as aggrieved employees pursuant to the Private Attorney General Act,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court

**CASE NUMBER:**
*(Número del Caso):* **BC 6 4 2 0 8 5**

Stanley Mosk Courthouse-Central District
111 North Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ophir J. Bitton; Bitton & Associates; 7220 Melrose Ave., 2nd Floor, Los Angeles, CA 90046; 310-356-1006

DATE: **NOV 2 9 2016**          **SHERRI R. CARTER**          Clerk, by _____, Deputy
*(Fecha)*                                                      *(Secretario)*          CRISTINA GRIJALVA          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**EXHIBIT A, PAGE 9**

1  OPHIR J. BITTON          SBN: 204310
   CESAR G. LACHICA, JR.    SBN 266634
2  BITTON & ASSOCIATES
3  7220 Melrose Avenue, 2nd Floor
   Los Angeles, CA 90046
4  Tel. No.: (310) 356-1006
   Fax No.: (818) 524-1224
5
6  Attorneys for:
   Plaintiff, LEA M. SMADJA, on behalf
7  of herself and all others similarly
   situated

**FILED**
Superior Court of California
County of Los Angeles

NOV 2 9 2016

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Cristina Grijalva

8
9        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10         **COUNTY OF LOS ANGELES –CENTRAL DISTRICT**

11              [UNLIMITED JURISDICTION]        BC 6 4 2 0 8 5

12  | LEA M. SMADJA, an individual, on behalf | Case No.: ▓▓▓▓▓ |
    of herself and all others similarly situated,
13  and as aggrieved employees pursuant to the       **CLASS ACTION COMPLAINT**
    Private Attorney General Act,
14
                                                (1)   **FAILURE TO PAY PROPER**
15              Plaintiffs,                            **OVERTIME;**
                                                (2)   **FAILURE TO PROVIDE**
16      vs.                                           **AND/OR PAY SICK LEAVE;**
                                                (3)   **FAILURE TO PROVIDE MEAL**
17  PETSMART, INC., a Delaware Corporation;          **BREAKS;**
18  and DOES 1-50, inclusive,                   (4)   **FAILURE TO PROVIDE REST**
                                                      **PERIODS;**
19              Defendants.                     (5)   **UNPAID WAGES-OWED**
                                                      **MONEY EARNED AND**
20                                                    **VACATION;**
21                                              (6)   **FAILURE TO PROVIDE**
                                                      **ACCURATE ITEMIZED WAGE**
22                                                    **STATEMENTS (LABOR CODE**
                                                      **§226);**
23                                              (7)   **FAILURE TO PROVIDE**
24                                                    **ACCURATE ITEMIZED WAGE**
                                                      **STATEMENTS (LABOR CODE**
25                                                    **§226.3);**
                                                (8)   **UNLAWFUL WITHHOLDING**
26                                                    **OF WAGES;**
27                                              (9)   **FAILURE TO FULLY**
                                                      **REIMBURSE WORK**
28                                                    **EXPENSES;**

CLASS ACTION COMPLAINT  -                                          1

|   |   |
|---|---|
| (10) | **FAILURE TO PAY UNIFORM MAINTENANCE** |
| (11) | **WAITING TIME PENALTIES;** |
| (12) | **PRIVATE ATTORNEY GENERAL ACT (LABOR CODE §2699, ET SEQ.); AND** |
| (13) | **UNFAIR BUSINESS PRACTICES** |

**[DEMAND FOR JURY TRIAL]**

Plaintiff LEA M. SMADJA ("PLAINTIFF"), an individual on behalf of herself and all others similarly situated, hereby files this Complaint against Defendant PETSMART, INC., a Delaware corporation ("DEFENDANT"); and DOES 1 to 25. PLAINTIFF is informed and believes, and on the basis of that information and belief, alleges as follows:

## I. INTRODUCTION

1.     This is a class action pursuant to Code of Civil Procedure §382.

2.     This is a civil action seeking recovery for DEFENDANT's violations of California *Labor Code* ("*Labor Code*") §§1194, et seq., *Labor Code* §§200, et seq., *Labor Code* §§500, et seq., *Labor Code* §2802, *Labor Code* §§2698, et seq., California *Business and Professions Code* ("*B&PC*") §§17200, et seq., Fair Labor Standard Act, California, Federal, and related common law principles.

3.     PLAINTIFF's action seeks monetary damages, including full restitution from DEFENDANT as a result of DEFENDANT's unlawful, fraudulent and/or unfair business practices.

4.     The acts complained of herein occurred, occur and will occur, at least in part, within the time period from four (4) years preceding the filing of the original Complaint herein, up to and through the time of trial for this matter.

RELEVANT JOB TITLES

5.     The relevant job titles in this action are DEFENDANT's Dog Groomer positions (hereinafter including DEFENDANT's job positions with substantially similar titles and duties) and

CLASS ACTION COMPLAINT  -                                           2

6.      DEFENDANT's Dog Groomer positions are paid by DEFENDANT on the basis of hourly rates.

7.      The obligations and responsibilities of DEFENDANT's Dog Groomer positions, respectively, are virtually identical from region to region, district to district, facility to facility, office to office, branch to branch, store to store, and employee to employee. Any differences in job activities between the different individuals in these positions were and are legally insignificant to the issues presented by this action.

## SUMMARY OF CLAIMS

8.      With regard to DEFENDANT's Dog Groomer positions, DEFENDANT has:

    a.   Failed to pay proper and timely overtime;

    b.   Failed to provide/ pay sick leave;

    c.   Failed to authorize and permit proper meal periods;

    d.   Failed to authorize and permit proper rest periods;

    e.   Failed to provide accurate itemized wage statements;

    f.   Failed to pay owed money earned and vacation;

    g.   Failed to pay uniform maintenance;

    h.   Failed to fully reimburse work expenses;

    i.   Unlawfully withheld wages;

    j.   Incurred waiting time penalties; and

    k.   Conducted unfair business practices.

## II. PARTIES

### PLAINTIFF

9.      Plaintiff LEA M. SMADJA ("PLAINTIFF"), is over eighteen (18) and is now and/or at all times mentioned in this Complaint was a resident of the State of California.

10.     PLAINTIFF worked for DEFENDANT as a Dog Groomer at DEFENDANTS'

CLASS ACTION COMPLAINT  –                                              3

1    branch located at Pico Boulevard in Los Angeles in Los Angeles County.[1]

2    DEFENDANTS

3        11.    Defendant PETSMART, INC. ("DEFENDANT") is now and/or at all times

4    mentioned in this Complaint, was a Delaware corporation and the owner and operator of an

5    industry, business and/or facility licensed to do business and actually doing business in the State

6    of California. PLAINTIFF is informed and believes and on this basis alleges that DEFENDANT

7    is a nationwide pet retailer of services and solutions for the needs of pets in the United States and

8    maintains different branches and retail stores in California including Los Angeles County.

9    DOES 1 TO 50, INCLUSIVE

10       12.    DOES 1 to 50, inclusive are now, and/or at all times mentioned in this Complaint

11   were licensed to do business and/or actually doing business in the State of California.

12       13.    PLAINTIFF does not know the true names and capacities, whether individual

13   partner or corporate, of DOES 1 to 50, inclusive and for that reason DOES 1 to 50 are sued under

14   such fictitious names pursuant to California *Code of Civil Procedure* ("CCP") §474.

15       14.    PLAINTIFF will seek leave of court to amend this Complaint to allege such

16   names and capacities as soon as they are ascertained.

17   ALL DEFENDANTS

18       15.    DEFENDANTS, and each of them, are now and/or at all times mentioned in this

19   Complaint were in some manner legally responsible for the events, happening and circumstances

20   alleged in this Complaint.

21       16.    DEFENDANTS, and each of them, proximately subjected PLAINTIF to the

22   unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

23       17.    PLAINTIFF is informed and believes and thereon alleges that each

24   DEFENDANTS named in this Complaint (including DOES) was at all times herein mentioned

25   and now is the agent, servant and employee of the other defendants herein, and vice versa, and

26

27

28

[1]    Plaintiff held other titles during her tenure at PetSmart as well.

CLASS ACTION COMPLAINT  -                                    4

1   was at all such times acting within the course and scope of said agency and employment and

2   with the consent and permission of each of the other co-defendants, and each of the defendants

3   herein ratified each of the acts of each of the other co-defendants, and each of them.

4       18.   DEFENDANTS, and each of them, are now and/or at all times mentioned in this

5   Complaint were members of and/or engaged in a joint venture, partnership and common

6   enterprise, and were acting within the course and scope of, and in pursuance of said joint

7   venture, partnership and common enterprise.

8       19.   DEFENDANTS, and each of them, at all times mentioned in this Complaint

9   concurred and contributed to the various acts and omissions of each and every one of the other

10  DEFENDANTS in proximately causing the complaints, injuries and/or damages alleged in this

11  Complaint.

12      20.   DEFENDANTS, and each of them, at all times mentioned in this Complaint

13  approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions

14  alleged in this Complaint.

15      21.   DEFENDANTS, and each of them, at all times mentioned in this Complaint aided

16  and abetted the acts and omissions of each and every one of the other DEFENDANTS thereby

17  proximately causing the damages alleged in this Complaint.

18      22.   PLAINTIFF is informed and believes and thereon alleges that each and every act

19  and omission alleged herein was performed by, and/or attributable to, all DEFENDANTS, each

20  acting as agents and/or employees, and/or under the direction and control of each of the other

21  DEFENDANTS, and that said acts and failures to act were within the course and scope of said

22  agency, employment and/or direction and control.

23      23.   DEFENDANTS and each of them, proximately subjected PLAINTIFF to the

24  unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

25  COMMON FACTS

26      24.   PLAINTIFF and other similarly situated employees have not been provided,

27  during all the liability periods relevant to this Complaint, accurate wages on account of

28  PLAINTIFF's inaccurate accounting and computation of regular time wages and overtime

CLASS ACTION COMPLAINT –                                    5

1    wages, improper meal and rest periods, failed to pay or provide sick leave, and other labor code

2    violations.

3         25.    PLAINTIFF and other similarly situated employees have not been paid, during all

4    the liability periods relevant to this Complaint, expenses for the maintenance of their uniforms

5    and other business related expenses incurred for the benefit of DEFENDANT.

6         26.    DEFENDANT unlawfully withheld wages from PLAINTIFF and other similarly

7    situated employees.

8         27.    DEFENDANT failed to timely pay all final wages upon termination or

9    resignation of PLAINTIFF and others similarly situated.

10        28.    As a direct and proximate result of the unlawful actions of DEFENDANT,

11   PLAINTIFF and other similarly situated employees have suffered and continue to suffer from

12   loss of earnings in amounts as yet unascertained, but subject to proof at trial in amounts in excess

13   of the jurisdiction of this Court.

14                        **III. JURISDICTION AND VENUE**

15        29.    The California Superior Court has jurisdiction in this matter due to

16   DEFENDANT's violations of *Labor Code* §210, et seq., *Labor Code* §500, et seq., *Labor Code*

17   §1194, B&PC §17200, et seq., the applicable Wage Orders issued by the California Industrial

18   Welfare Commission (hereinafter, the "IWC Wage Orders"), and related common law principles.

19        30.    The California Superior Court also has jurisdiction in this matter because both the

20   individual and aggregate monetary damages and restitution sought herein exceed the minimal

21   jurisdictional limits of the Superior Court and will be established at trial, according to proof.

22        31.    The California Superior Court likewise has jurisdiction over all DEFENDANTS

23   because, based on information and belief, DEFENDANTS are ether citizens of California, have

24   sufficient minimum contacts in California, or otherwise intentionally avail themselves of the

25   California market so as to render the exercise of jurisdiction over them by the California Court

26   consistent with traditional notions of fair play and substantial justice.

27        32.    Venue is proper in Los Angeles County pursuant to *CCP* §395(a) and *CCP*

28   §395.5 in that liability arose there because at least some of the transactions that are the subject

CLASS ACTION COMPLAINT –                                                                  6

matter of this Complaint occurred therein and/or each DEFENDANT either is found, maintains office, transacts business, and/or has an agent therein.

33.   *Labor Code* § 2699 *et seq.*, PAGA, authorizes aggrieved employees to sue directly for various civil penalties under the *Labor Code*. PLAINTIFF timely provided notice on June 28, 2016 and January 21, 2016 to the Labor and Workforce Development Agency ("LWDA") and to DEFENDANT, pursuant to *Labor Code* §2699.3.

## IV. CLASS ACTION ALLEGATIONS

34.   *CCP* §382 provides in pertinent part: "...[W]hen the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

35.   PLAINTIFF brings this suit as a class action pursuant to *CCP* §382, on behalf of individuals who are entitled to the monies unlawfully withheld by DEFENDANT.

36.   The putative classes PLAINTIFF will seek to certify are currently composed of and defined as follows:

   a.  All individuals employed and formerly employed by DEFENDANT in California as a Dog Groomer during the appropriate time period whom DEFENDANT failed to properly or timely pay overtime (hereinafter, the "Overtime Class");

   b.  All individuals employed and formerly employed by DEFENDANT in California as a Dog Groomer during the appropriate time period whom DEFENDANT failed to pay or provide sick leave (hereinafter, the "Sick Leave Class");

   c.  All individuals employed and formerly employed by DEFENDANTS in California as a Dog Groomer during the appropriate time period whom DEFENDANTS failed to authorize and permit the legally requisite meal periods (hereinafter, the "Meal Period Class");

   d.  All individuals employed and formerly employed by DEFENDANTS in California as a Dog Groomer during the appropriate time period whom

CLASS ACTION COMPLAINT  -                                              7

1    DEFENDANTS failed to authorize and permit the legally requisite rest

2    periods (hereinafter, the "Rest Period Class");

3    e. All individuals employed and formerly employed by DEFENDANTS in

4    California as a Dog Groomer during the appropriate time period whom

5    DEFENDANTS failed to provide accurate itemized wage statements under

6    Labor Code §226 (hereinafter, the "§226 Wage Statement Class");

7    f. All individuals employed and formerly employed by DEFENDANTS in

8    California as a Dog Groomer during the appropriate time period whom

9    DEFENDANTS failed to provide accurate itemized wage statements under

10   Labor Code §226.3 (hereinafter, the "§226.3 Wage Statement Class);

11   g. All individuals employed and formerly employed by DEFENDANTS in

12   California as a Dog Groomer during the appropriate time period whom

13   DEFENDANTS failed to pay owed money earned and vacation (hereinafter,

14   the "Vacation Class);

15   h. All individuals employed and formerly employed by DEFENDANTS in

16   California as a Dog Groomer during the appropriate time period whom

17   DEFENDANTS failed to pay uniform maintenance (hereinafter, the "Uniform

18   Class");

19   i. All individuals employed and formerly employed by DEFENDANTS in

20   California as a Dog Groomer during the appropriate time period whom

21   DEFENDANTS failed to fully reimburse work expenses (hereinafter, the

22   "Reimbursement Class");

23   j. All individuals employed and formerly employed by DEFENDANTS in

24   California as a Dog Groomer during the appropriate time period whom

25   DEFENDANTS unlawfully withheld wages from (hereinafter, the "Withheld

26   Wage Class");

27   k. All individuals formerly employed by DEFENDANTS in California as Dog

28   Groomer during the appropriate time period whom DEFENDANT willfully

CLASS ACTION COMPLAINT –                                              8

1    failed to pay any and all wages (hereinafter, the "LC 201 Class");

2        37.    The "Overtime Class," "Sick Leave Class," "Meal Period Class," "Rest Period

3   Class," "§226 Wage Statement Class," "§226.3 Wage Statement Class," "Vacation Class,"

4   "Uniform Class," "Reimbursement Class," "Withheld Class," and "LC 201 Class" are hereinafter

5   collectively referred to as the "CLASSES."

6        38.    Throughout discovery in this litigation, PLAINTIFF may find it appropriate

7   and/or necessary to amend the definition of the CLASSES. In any event, PLAINTIFF will

8   formally define and designate a class definition at such time when PLAINTIFF seeks to certify

9   the CLASSES alleged herein.

10       39.    Numerosity (*CCP* §382):

11           a.   The potential quantity of members of the CLASSES as defined is so numerous

12               that joinder of all members is unfeasible and impractical.

13           b.   The disposition of the claims of the members if the CLASSES through this class

14               action will benefit both the parties and this Court.

15           c.   The quantity of members of the CLASSES is unknown to PLAINTIFF at this

16               time; however, it is estimated that the membership of the CLASSES numbers

17               greater than 500 individuals;

18           d.   The quantity and identity of such membership is readily ascertainable via

19               inspection of DEFENDANTS' records.

20       40.    Superiority (*CCP* §382): The nature of this action and the nature of the laws

21   available to PLAINTIFF make the use of the class action format particularly efficient and the

22   appropriate procedure to afford relief to PLAINTIFF for the wrongs alleged herein, as follows:

23           a.   California has a public policy which encourages the use of the class action device;

24           b.   By establishing a technique whereby the claims of many individuals can be

25               resolved at the same time, the class suit both eliminates the possibility of

26               repetitious litigation and provides small claimants with a method of obtaining

27               redress for claims which would otherwise be too small to warrant individual

28               litigation;

CLASS ACTION COMPLAINT -                                              9

c. This case involves large corporate DEFENDANT and a large number of individual Class members with many relatively small claims and common issues of law and fact. The potential class is a significant number because NAMED PLAINTIFF is informed and believe, and thereon allege, that DEFENDANT employed at any one time, approximately over once thousand (1,000) hourly employees in all facilities, buildings, communities and retail centers, with a total class estimated to be significantly over five hundred (500) employees in California in the past four years - there are numerous former employees who were subjected to the same illegal payroll practices or policies. Joinder of all former employees individually would be impractical;

d. If each individual member of the CLASSES was required to file an individual lawsuit, the large corporate DEFENDANT would necessarily gain an unconscionable advantage because DEFENDANT would be able to exploit and overwhelm the limited resources of each individual member of the CLASSES with DEFENDANT's vastly superior financial and legal resources;

e. Requiring each individual member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the CLASSES who would be disinclined to pursue an action against DEFENDANT because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being;

f. Proof of a common business practice or factual pattern, of which the members of the CLASSES experienced, is representative of the CLASSES herein and will establish the right of each of the members of the CLASSES to recover on the causes of action alleged herein;

g. Absent class treatment, the prosecution of separate actions by the individual members of the CLASSES, even if possible, would likely create:

1. a substantial risk of each individual plaintiff presenting in separate, duplicative proceedings the same or essentially similar arguments and

1      evidence, including expert testimony;

2      2.  a multiplicity of trials conducted at enormous expense to both the judicial

3           system and the litigants;

4      3.  inconsistent or varying verdicts or adjudications with respect to the individual

5           members of the CLASSES against DEFENDANT; and

6      4.  potentially incompatible standards of conduct for DEFENDANT;

7      5.  potentially incompatible legal determinations with respect to individual

8           members of the CLASSES which would, as a practical matter be dispositive

9           of the interest of the other members of the CLASSES who are not parties to

10          the adjudications or which would substantially impair or impede the ability of

11          the members of the CLASSES to protect their interests.

12     h.  The claims of the individual members of the CLASSES are not sufficiently large

13          to warrant vigorous individual prosecution considering all of the concomitant

14          costs and expenses attendant thereto;

15     i.  Courts seeking to preserve efficiency and other benefits of class actions routinely

16          fashion methods to manage any individual questions; and

17     j.  The Supreme Court of California urges trial courts, which have an obligation to

18          consider the use of innovative procedural tools to certify a manageable class, to be

19          procedurally innovative in managing class actions.

20     41.   <u>Well-defined Community of Interest</u>: PLAINTIFF also meet the established

21     standards for class certification (see, e.g. *Lockheed Martin Corp. v. Superior Court* (2003) 29

22     Cal.4[th] 1096), as follows:

23     a.  <u>Typicality</u>: The claims of PLAINTIFF is typical of the claims of all members of

24          the CLASSES she seeks to represent because all members of the CLASSES

25          sustained injuries and damages arising out of DEFENDANT's common course of

26          conduct in violation of law and injuries and damages of all members of the

27          CLASSES were caused by DEFENDANT's wrongful conduct in violation of law

28          as alleged herein.

CLASS ACTION COMPLAINT –                                              11

b. <u>Adequacy</u>: : PLAINTIFF:

    i.   is an adequate representative of the CLASSES she seeks to represent;

    ii.   will fairly protect the interests of the members of the CLASSES;

    iii.   has no interests antagonistic of the members of the CLASSES; and

    iv.   will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

c. <u>Predominant Common Questions of Law or Fact</u>: There are common questions of law and/or fact as to the members of the CLASSES which predominate over questions affecting only individual members of the CLASSES, including, without limitation:

    i.   Whether DEFENDANT failed to properly pay overtime, in violation of the <u>Labor Code</u>:

    ii.   Whether DEFENDANT failed to pay and/or provide sick leave, in violation of the Healthy Workplaces, Healthy Families Act of 2014:

    iii.   Whether DEFENDANT failed and continue to fail to authorize and permit proper paid rest periods to the members of the Meal Period Class in violation of the <u>Labor Code</u> and Section 11 of the <u>IWC Wage Orders</u>:

    iv.   Whether DEFENDANT failed and continue to fail to authorize and permit proper paid rest periods to the members of the Rest Period Class in violation of the <u>Labor Code</u> and Section 11 of the <u>IWC Wage Orders</u>:

    v.   Whether DEFENDANT failed to timely furnish accurate itemized statements to the members of the Wage Statement Class;

    vi.   Whether DEFENDANT complied with wage reporting as required by *Labor Code* §226(a) and §226.3;

    vii.   Whether DEFENDANT failed to pay owed money and earned vacation to Vacation Class;

    viii.   Whether DEFENDANT failed to pay uniform maintenance to Maintenance Class;

CLASS ACTION COMPLAINT –        12

ix.  Whether DEFENDANT failed to pay business expenses incurred by the Business Expenses Class for the benefit of DEFENDANT;

x.  Whether DEFENDANTS are liable pursuant to Labor Code §§202, and 203;

xi.  Whether the members of the Classes are entitled to penalties pursuant to Labor Code §§2699, et seq.;

xii.  Whether DEFENDANTS' conduct constitutes unfair competition within the meaning of B&PC §17200, et seq.;

xiii.  Whether DEFENDANTS' conduct constitutes unfair business practices within the meaning of B&PC §17200, et seq.;

xiv.  Whether the members of the Classes are entitled to injunctive relief;

xv.  Whether the members of the Classes are entitled to restitution; and

xvi.  Whether DEFENDANTS are liable for attorney's fees and costs.

## V. STATEMENT OF FACTS

42.  DEFENDANT has been providing retailer of services and solutions for the needs of pets and has maintained branches and retail stores in the United States and throughout California.

43.  In or about 2014, PLAINTIFF was hired by DEFENDANT as a dog groomer at their retail store branch in Pico Boulevard, Los Angeles, California.

44.  PLAINTIFF and members of the CLASSES' positions with DEFENDANTS are non-exempt and are paid on an hourly basis. PLAINTIFF for her part was informed that her hourly base pay was $10.50 (eventually increased to $13.00).

45. DEFENDANT paid PLAINTIFF and members of the CLASSES by a commission scheme depending on their weekly sales. For PLAINTIFF, on the basis of 50% when she started and later 60%. For example, if PLAINTIFF's sale for the week were below her hourly base for 40 hours by week, PLAINTIFF weekly pay would be computed at $10.50 (eventually increased to $13.00) per hour. Otherwise, her pay would be the equivalent of the commission rate (i.e, 50% or 60%) of her weekly sales. PLAINTIFF is informed and believes that the same scheme is applied to members of the CLASSES, at various percentages.

46. Furthermore, PLAINTIFF and members of the CLASSES' compensation structure, included non-discretionary commission/bonus pay or "stipend" which was based on meeting team goals.

47. PLAINTIFF requested an accounting from DEFENDANT with regard to her commission, however, DEFENDANT failed to provide any such accounting.

48. DEFENDANT's "policy" is that its employees are not allowed to groom alone; however, in violation of its own policy, DEFENDANT regularly scheduled employees alone to groom and often scheduled too many dogs for proper spacing of time.

49. As such, although PLAINTIFF and members of the CLASSES were purportedly allowed to have their lunch breaks, their schedules often only allowed them to have their lunch breaks beyond the 5th hour. Moreso, because of the over-scheduling by DEFENDANT, PLAINTIFF and members of the CLASSES were often not allowed to take any 10-minute rest periods for every four hours of work.

50. For periods wherein PLAINTIFF and members of the CLASSES were deprived of their mandated rest and meal periods, they are entitled to rest and meal period compensation which is an additional 1 hour of pay respectively for each day in which a rest and/or meal break was not provided. The extra 1 hour pay of wages must be included in the regular rate of compensation. In addition, this additional pay must be used in computing the regular rate of pay.

51. For the hours worked in excess of 40 hours per week and/or over 8 hours in a day during the relevant period of time, DEFENDANTS purported to pay Plaintiff and members of the CLASSES overtime for hours worked in excess of 40 hours per week, however, DEFENDANTS failed to timely pay time and one-half of employees' regular rate of pay, and instead timely paid only time and one-half of employees' hourly wages without account for extras.

52. In contrast to DEFENDANTS' practices, relevant law requires DEFENDANTS to timely pay overtime compensation derived from hourly wages and applicable commissions, spiffs, and bonuses. When not immediately computable, the additional computation should be paid in the next payday after the employer can reasonably compute and arrange for payment of

1   the additional compensation. DEFENDANTS also failed to factor in the meal breaks and rest

2   period compensation in the computation of overtime pay Plaintiff and members of the

3   CLASSES.

4       53.   Also, PLAINTIFF and members of the CLASSES were expected to buy and use

5   their own grooming tools for work done for DEFENDANT. These included power tools and

6   non-power tools.

7       54.   Although PLAINTIFF and members of the CLASSES were given $150.00

8   periodically to shear and sharpen their tools, at times the amount was not sufficient to cover the

9   cost of shearing and sharpening the tools. PLAINTIFF and members of the CLASSES were not

10  reimbursed for the items they bought nor the excesses they paid for shearing or sharpening tools.

11      55.   Moreover, though they were a job necessity, PLAINTIFF and members of the

12  CLASSES were not given proper "fair rental value" for the use of these tools. In many pay

13  periods. PLAINTIFF and members of the CLASSES did not earn at least double the minimum

14  wage which is a requirement when employees use their own tools.

15      56.   Furthermore, DEFENDANT required its employees to wear a smock while

16  performing their duties on behalf of DEFENDANT. Although DEFENDANT provided the

17  smock, DEFENDANT did not pay for the cleaning and maintenance of the smock.

18      57.   PLAINTIFF is informed and believes that those conditions existed at other

19  DEFENDANT's retail stores and/or branches.

20      57.   At the time of PLAINTIFF's termination, DEFENDANTS failed to pay

21  PLAINTIFF sick leave and accrued unused vacation time. Moreover, she and those similarly

22  situated were not paid break penalties and properly computed overtime pay. PLAINTIFF is

23  informed and believes that the same conditions also existed for those who resigned or been

24  terminated from DEFENDANT's employment.

25      58.   Having been injured by DEFENDANTS, PLAINTIFF, on her behalf and on

26  behalf of those similarly situated informed the Department of Labor & Workforce Development

27  Agency ("DOL") of DEFENDANTS' violation. Thirty-three days has passed since PLAINTIFF

28  informed DOL. Thus PLAINTIFF has satisfied and/or exhausted any and all preconditions to

Wilson & Associates
27028 Indiana Primera ✦
2nd Floor
Los Angeles, CA 90036
Tel. No. 310-659-6900
Fax No. 310-601-1234

CLASS ACTION COMPLAINT –                         15

1  bringing this action as required by *California Labor Code* § 2699, *et seq.*, and is entitled to

2  penalties, interests, and attorneys' fees provided for under the Private Attorney General Act

3  ("PAGA").

### VII. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### (FAILURE TO PAY PROPER AND TIMELY OVERTIME)

### PLAINTIFF AND MEMBERS OF THE CLASSES against ALL DEFENDANTS

8      59.   PLAINTIFF and members of the CLASSES hereby refer to and incorporate

9  paragraphs 1 through 58, inclusive, of this Complaint by reference, as though fully set forth

10  herein.

11      60.   *Labor Code* §510, provides that an employee must be paid overtime after working

12  eight (8) hours in a day and forty (40) hours in a week. Overtime must be paid at one-and-a-half

13  times the regular rate of pay after eight hours in a day and forty hours in a week. The overtime

14  rate becomes two times the regular rate of pay for hours over twelve in a day, or over eight hours

15  on the seventh consecutive day worked.

16      61.   The "regular rate of pay" is comprised of more than just the employee's hourly

17  rate of pay it includes many different kinds of monetary remuneration an employee earns for his

18  labor, including commissions, spiffs, and bonuses. (29 *U.S.C.* 207(e).) Employers must include

19  these nondiscretionary bonuses and incentive pay (e.g. stipend) along with other earnings to

20  determine an employee's regular rate on which overtime pay is computed each pay period.

21      62.   A bonus is "nondiscretionary" if the employer makes a promise to pay it based on

22  the requirements being met. This includes bonuses designed to induce the employees to work

23  more steadily, more rapidly or more efficiently, to remain with the employer, to meet attendance

24  goals, individual or group production bonuses and bonuses for quality and accuracy of work. (29

25  *C.F.R.* 778.211(c).) This also includes spiffs, and incentive pay for special skills.

26      63.   *Labor Code* § 1194 also establishes an employees' right to recover unpaid wages,

27  including overtime compensation and interest thereon, together with the cost of suit. Moreover,

28  the Fair Labor Standards Act provides liquidated damages in the amount of all overtime not paid

1    in addition to the overtime pay.

2        64.    Further, *Labor Code* § 226.7, subdivision (a) provides, "No employer shall

3    require any employee to work during any meal or rest period mandated by an applicable order of

4    the Industrial Welfare Commission." Also *Labor Code* §226.7 (b) further provides that, "If an

5    employer fails to provide an employee a meal period or rest period in accordance with an

6    applicable order of the Industrial Welfare Commission, *the employer shall pay the employee one*

7    *additional hour of pay at the employee's regular rate of compensation* for each work day that the

8    meal or rest period is not provided."

9        65.    Thus, the "additional hour of pay" is a premium wage intended to compensate

10   employees and should be included in the computation of overtime.

11       66.    Moreso, the relevant provisions of Labor Code §204 requires that "[a]ll wages . . .

12   earned" are "due and payable" at least twice each calendar month. Payment of all wages earned

13   in a pay period is due within a specified number of days after the end of the period. "In other

14   words, all earned wages, *including commissions*, must be paid no less frequently than semi-

15   monthly," or at least twice each month.

16       67.    At all times herein mentioned, PLAINTIFF and members of the CLASSES were

17   non-exempt employees of DEFENDANT.

18       68.    At all times herein mentioned, PLAINTIFF and members of the CLASSES

19   regularly worked overtime during the entire time of their employment.

20       69.    DEFENDANT also did not provide PLAINTIFF and members of the CLASSES

21   with proper meal and rest breaks.

22       70.    PLAINTIFF and members of the CLASSES' hourly rates at all times relevant

23   should have to be determined by a detailed accounting of their non-discretionary

24   commission/bonus pay, spiffs, or "incentive" pay (e.g. stipend) including their meal and rest

25   period compensation.

26       71.    In any pay period in which a commission has been earned DEFENDANT was and

27   is required to recalculate the rate of pay upon which overtime for that pay period is calculated.

28   This may be accomplished by adding together all compensation earned for the workweek and

CLASS ACTION COMPLAINT –              17

1  then dividing the compensation by the number of regular time hours worked. This would provide

2  a revised hourly rate upon which overtime may be calculated.

3      72.    In instances when DEFENDANT did pay overtime to PLAINTIFF and members

4  of the CLASSES, DEFENDANT timely paid only 1.5 times their hourly wage, but failed to

5  timely and properly pay 1.5 times their regular rate of pay taking into account non-discretionary

6  commission/bonus pay, spiffs, or "incentive" pay including the meal and rest period

7  compensation in calculating the overtime pay of PLAINTIFF and members of the CLASSES.

8      73.    By failing to properly and timely compensate PLAINTIFF and members of the

9  CLASSES for wages earned, DEFENDANT acted maliciously, fraudulently, oppressively, and

10  despicably, with wrongful intention causing injury and hardship to PLAINTIFF and members of

11  the CLASSES by reaping economic gain at PLAINTIFF and members of the CLASSES'

12  expense, in willful and conscious disregard of PLAINTIFF and members of the CLASSES'

13  statutory and regulatory right to right to receive lawful wages.

14      74.    As a result of the unlawful acts of DEFENDANT, PLAINTIFF and members of

15  the CLASSES have been deprived of wages and overtime and double time premium pay in

16  amounts to be proven at trial, and PLAINTIFF and members of the CLASSES are entitled to

17  recovery of such amounts from DEFENDANT, plus interest, penalties and attorney's fees and

18  costs. Also, under the Fair Labor Standards Act ("FLSA") PLAINTIFF is entitled as liquidated

19  damages.

20                    **SECOND CAUSE OF ACTION**

21              **(FAILURE TO PROVIDE AND/OR PAY SICK LEAVE)**

22                  **PLAINTIFF Against All DEFENDANTS**

23      75.    PLAINTIFF and members of the CLASSES hereby refer to and incorporate

24  paragraphs 1 through 74, inclusive, of this Complaint by reference, as though fully set forth

25  herein.

26      76.    Under the Healthy Workplaces, Healthy Families Act of 2014, an employee who

27  works for 30 or more days within a year is entitled to paid sick days of 24 hours or 3 days in each

28  year of employment.

CLASS ACTION COMPLAINT –                                    18

77.     For violation of this Act, the penalty to the employer is the dollar amount of paid sick days withheld from the employee multiplied by three, or two hundred fifty dollars ($250.00), which ever amount is greater, but not to exceed an aggregate penalty of four thousand dollars ($4,000.00).

78.     At all times herein mentioned, PLAINTIFF and members of the CLASSES were non-exempt employees of DEFENDANT.

79.     At all times herein mentioned, PLAINTIFF and members of the CLASSES at times called in sick during their employment.

80.     For those days that PLAINTIFF and members of the CLASSES called in sick, DEFENDANT did not regularly pay PLAINTIFF and members of the CLASSES sick leave as mandated by law. In fact, DEFENDANT informed PLAINTIFF and members of the CLASSES that they do not get sick time off.

81.     As a result of DEFENDANT's abovementioned unlawful act, PLAINTIFF and members of the CLASSES suffered injury and damage.

82.     As such, DEFENDANT is liable to PLAINTIFF and members of the CLASSES for the dollar amount of the sick days multiplied it by three plus interest in the amount to be proven at trial.

### THIRD CAUSE OF ACTION

### (FAILURE TO PROVIDE MEAL BREAKS)

### PLAINTIFF AND MEMBERS OF THE CLASSES against ALL DEFENDANTS

83.     PLAINTIFF and members of the CLASSES hereby refer to and incorporate paragraphs 1 through 82, inclusive, of this Complaint by reference, as though fully set forth herein.

84.     *Labor Code* §512(a) provides that employees who work more than five hours in a day are entitled to a meal period of at least 30 minutes; and a second meal period of at least 30 minutes if they work for more than 10 hours in a day.

85.     Labor Code §512 further provides that "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with

CLASS ACTION COMPLAINT –                                    19

1  a second meal period of not less than 30 minutes, except that if the total hours worked is no more

2  than 12 hours, the second meal period may be waived by mutual consent of the employer and the

3  employee only if the first meal period was not waived."

4      86.    Labor Code §516 provides that the Industrial Welfare Commission may adopt or

5  amend working condition orders with respect to meal periods for any workers in California

6  consistent with the health and welfare of those workers.

7      87.    Section 11(A) of the IWC Wage Order(s) provides that "Unless the employee is

8  relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on

9  duty" meal period and counted as time worked. An "on duty" meal period shall be permitted

10  only when the nature of the work prevents an employee from being relieved of all duty and when

11  by written agreement between the parties an on-the-job paid meal period is agreed to. The

12  written agreement shall state that the employee may, in writing, revoke the agreement at any

13  time."

14      88.    Section 11(B) of the IWC Wage Order(s) provides that "If an employer fails to

15  provide an employee a meal period in accordance with the applicable provisions of this order, the

16  employer shall pay the employee one (1) hour of pay at the employee's regular rate of

17  compensation for each workday that he meal period is not provided."

18      89.    Furthermore, an employer may not undermine a formal policy of providing meal

19  breaks by pressuring employees to perform their duties in ways that omit breaks. The wage

20  orders and governing statute do not countenance an employer's exerting coercion against the

21  taking of, creating incentives to forego, or otherwise encouraging the skipping of legally

22  protected breaks.

23      90.    During their employment with DEFENDANT, PLAINTIFF and members of the

24  CLASSES consistently worked over five (5) hours per shift and therefore were entitled to a meal

25  period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

26      91.    DEFENDANT regularly scheduled an employee alone to groom and often

27  scheduled too many dogs in violation of its own policy.

28      92.    During their employment with DEFENDANT, PLAINTIFFS and members of the

CLASS ACTION COMPLAINT –                                        20

1   CLASSES were given purported meal period, however, the grooming schedule made by

2   DEFENDANT for its clients made it so that PLAINTIFFS and members of the CLASSES could

3   often not take their meal breaks on time, thus making them to take it beyond the 5th or 6th hour.

4        93.    By failing to afford proper meal breaks to PLAINTIFF and members of the

5   CLASSES and in failing to properly compensate PLAINTIFF and members of the CLASSES for

6   the meal periods they were not properly provided, DEFENDANT acted maliciously,

7   fraudulently, oppressively, and despicably, with wrongful intention causing injury and hardship

8   to PLAINTIFF and members of the CLASSES by reaping economic gain at PLAINTIFF and

9   members of the CLASSES' expense, in willful and conscious disregard of PLAINTIFF and

10   members of the CLASSES' statutory and regulatory right to lunch periods and related

11   compensation.

12        94.    PLAINTIFF and members of the CLASSES had been harmed and DEFENDANT

13   is liable to PLAINTIFF and members of the CLASSES for one hour of additional premium pay

14   at the regular rate of compensation for each day in which the proper meal was not provided. The

15   exact amount of missed meal breaks wages owed to PLAINTIFF and members of the CLASSES

16   shall be proved at trial.  In addition, PLAINTIFF and members of the CLASSES are entitled to

17   interest, penalties, attorney's fees ("PAGA") and costs, among other damages against

18   DEFENDANT.

19                          **FOURTH CAUSE OF ACTION**

20                    **(FAILURE TO PROVIDE REST BREAKS)**

21     **PLAINTIFF AND MEMBERS OF THE CLASSES against ALL DEFENDANTS**

22        95.    PLAINTIFF and members of the CLASSES hereby refer to and incorporate

23   paragraphs 1 through 94, inclusive, of this Complaint by reference, as though fully set forth

24   herein.

25        96.    State law requires employers to authorize paid rest periods of a specified

26   minimum duration of 10 minutes for every four hours an employee works. (See, e.g., 8

27   *California Code Regulations* §§11010-11150 ¶2 and §11160 ¶1; Wage order No. 9)

28        97.    At all times relevant herein PLAINTIFF and members of the CLASSES were

Milam & Associates
7000 Internet Avenue
3rd Floor
Los Angeles, CA 90014
TEL No. 310-909-1888
Fax No.818-934-1034

CLASS ACTION COMPLAINT -             21

1  employed by DEFENDANTS in non-exempt positions.

2       98.   At all times herein mentioned, PLAINTIFF and members of the CLASSES' shifts

3  that were over four (4) hours therefore were entitled to a rest period of not less than ten (10)

4  minutes prior to exceeding four (4) hours of employment for each four (4) hours of work.

5       99.   DEFENDANT regularly scheduled an employee alone to groom and often

6  scheduled too many dogs in violation of its own policy.

7       100.   Because of the overscheduling by DEFENDANT, PLAINTIFFS and members of

8  the CLASSES were often not allowed to take any rest breaks as a practical matter for every four

9  hours of work.

10       101.   At all relevant times, DEFENDANT was aware of and was under a duty to

11  comply with California Labor Code and the applicable Wage Orders.

12       102.   As such, by requiring PLAINTIFFS and members of the CLASSES to work four

13  (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four

14  (4) hour period worked, DEFENDANT denied and ignored its duty to provide PLAINTIFF and

15  members of the CLASSES proper rest periods.

16       103.   An employer who fails to provide rest periods as required by an applicable Wage

17  Order must pay the employee one additional hour of pay at the employee's regular rate of pay for

18  each work day that a rest period was not provided.

19       104.   By failing to consistently provide PLAINTIFF and members of the CLASSES

20  with ten minute rest period, communicate the authorization and permission to take rest periods,

21  permit to take rest breaks, and provide PLAINTIFF and members of the CLASSES one hour's

22  pay at their respective rate per day for each missed rest period, DEFENDANT acted maliciously,

23  fraudulently, oppressively, and despicably, with wrongful intention causing injury and hardship

24  to PLAINTIFF and members of the CLASSES by reaping economic gain at PLAINTIFF and

25  members of the CLASSES' expense, in willful and conscious disregard of PLAINTIFF and

26  members of the CLASSES' statutory and regulatory right to rest period.

27       105.   PLAINTIFF and members of the CLASSES have been harmed and

28  DEFENDANT is liable to PLAINTIFF and members of the CLASSES for one (1) hour of

1    additional premium pay at the regular rate of compensation for each day in which the proper rest

2    period was not provided. The exact amount of missed rest break wages owed to PLAINTIFF and

3    members of the CLASSES shall be proved at trial.

4        106.    In addition, PLAINTIFF and members of the CLASSES are entitled to interest,

5    penalties, attorney's fees ("PAGA") and costs against DEFENDANTS.

6                        **FIFTH CAUSE OF ACTION**

7            **(FAILURE TO PAY OWED MONEY EARNED AND VACATION)**

8        **PLAINTIFF AND MEMBERS OF THE CLASSES against ALL DEFENDANTS**

9        107.    PLAINTIFF and members of the CLASSES hereby refer to and incorporate

10   paragraphs 1 through 106, inclusive, of this Complaint by reference, as though fully set forth

11   herein.

12       108.    Under California Law, all wages earned by employees must be paid by their

13   employers.

14       109.    *Labor Code* § 204 (b)(1) all wages earned for labor in excess of the normal work

15   period shall be paid no later than the payday for the next regular payroll period.

16       *110.   Labor Code* §215 provides that a violation of the provision of person, or the

17   agent, manager, superintendent or officer *Labor Code* § 204 is guilty of misdemeanor.

18       111.    At all relevant times, PLAINTIFF and members of the CLASSES were employed

19   by DEFENDANTS in non-exempt positions.

20       112.    At relevant times material hereto, PLAINTIFF and members of the CLASSES are

21   entitled to two weeks of vacation time per year.

22       113.    DEFENDANT only paid PLAINTIFF and members of the CLASSES a portion of

23   the week vacation that were unused in 2015 and failed provide PLAINTIFF and members of the

24   CLASSES their accrued unused vacation time for 2016.

25       114.    PLAINTIFF requested from DEFENDANT the value of this unused leave but

26   DEFENDANT failed to pay.

27       115.    As a result of DEFENDANTS' abovementioned unlawful act, PLAINTIFF and

28   members of the CLASSES suffered injury and damage.

1    116.    PLAINTIFF and members of the CLASSES is therefore entitled to recover these

2    unpaid earnings from DEFENDANT with interest on all due and unpaid wages at the rate

3    specified in *Civil Code* § 3289 (b) which shall accrue from the date that the wages were due and

4    payable.

5                          **SIXTH CAUSE OF ACTION**

6    **(FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

7    **[LABOR CODE §226])**

8    **PLAINTIFF AND MEMBERS OF THE CLASSES against ALL DEFENDANTS**

9    117.    PLAINTIFF and members of the CLASSES hereby refer to and incorporate

10   paragraphs 1 through 116, inclusive, of this Complaint by reference, as though fully set forth

11   herein.

12   118.    *Labor Code* §226(a) require employers to provide accurate itemized wage

13   statements for each wage payment. *Labor Code* §226 (e) provides for a recovery of the greater of

14   all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and

15   one hundred dollars ($100) for each violation in a subsequent pay period, not exceeding an

16   aggregate penalty of four thousand dollars ($4,000) (per employee).

17   119.    At all relevant times, PLAINTIFF and members of the CLASSES were employed

18   by DEFENDANT in non-exempt positions.

19   120.    At relevant times material hereto, DEFENDANT was aware of, and was under a

20   duty to comply with this law and other relevant laws.

21   121.    At relevant times material hereto, DEFENDANT failed to provide timely,

22   accurate itemized wage statements to PLAINTIFF and members of the CLASSES in accordance

23   with California Labor Code. The statements provided by DEFENDANT did not accurately

24   reflect actual gross wage earned, net wages earned, and/or the appropriate deductions to account

25   for all proper regular and overtime pay and breaks missed. In failing to do so, DEFENDANT

26   also did not comply with the provision set forth above.

27   122.    As a result of DEFENDANT's abovementioned unlawful act, PLAINTIFF and

28   members of the CLASSES suffered injury and damage.

CLASS ACTION COMPLAINT –                                              24

123.   PLAINTIFF and members of the CLASSES is therefore entitled to recover from DEFENDANT a §226(e) penalty not exceeding four thousand dollars each.

124.   PLAINTIFF and members of the CLASSES are entitled to injunctive relief to ensure compliance with the abovementioned *Labor Code* provision and seek to recover actual damages and/or penalties as applicable by law to be proved at trial, plus interest, and attorney's fees and costs, among other damages against DEFENDANT.

<u>SEVENTH CAUSE OF ACTION</u>

**(FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
**[LABOR CODE §226.3])**

**PLAINTIFF AND MEMBERS OF THE CLASSES against ALL DEFENDANTS**

125.   PLAINTIFF and members of the CLASSES hereby refer to and incorporate paragraphs 1 through 124, inclusive, of this Complaint by reference, as though fully set forth herein.

126.   The failure to provide itemized wage statements is in violation of *Labor Code* §226.3 which provides in relevant part that any employer who violates subdivision (a) of §226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation for which the employer fails to provide the employee a wage deduction statement or fails to keep the record required in subdivision (a) of Section 226..

127.   At all relevant times, PLAINTIFF and members of the CLASSES were employed by DEFENDANT in non-exempt positions.

128.   At relevant times material hereto, DEFENDANT was aware of, and was under a duty to comply with this law and other relevant laws.

129.   At relevant times material hereto, DEFENDANTS failed to provide timely, accurate itemized wage statements to PLAINTIFF and members of the CLASSES in accordance with California Labor Code. The statements provided by DEFENDANTS did not accurately reflect actual gross wage earned, net wages earned, and/or the appropriate deductions to account for all proper regular and overtime pay and breaks missed. In failing to do so, DEFENDANTS

1   also did not comply with the provision set forth above.

2        130.   As a result of DEFENDANT's abovementioned unlawful act, PLAINTIFF and

3   members of the CLASSES suffered injury and damage.

4        131.   PLAINTIFF and members of the CLASSES are therefore entitled to the above

5   described civil penalty.

6        132.   PLAINTIFF and members of the CLASSES are entitled to injunctive relief to

7   ensure compliance with the abovementioned *Labor Code* provision and seek to recover actual

8   damages and/or penalties as applicable by law to be proved at trial, plus interest, and attorney's

9   fees and costs, among other damages against DEFENDANT.

10                          **EIGHT CAUSE OF ACTION**

11                   **(UNLAWFUL WITHHOLDING OF WAGES)**

12    **PLAINTIFF AND MEMBERS OF THE CLASSES against ALL DEFENDANTS**

13       133.   PLAINTIFF and members of the CLASSES hereby refer to and incorporate

14   paragraphs 1 through 132, inclusive, of this Complaint by reference, as though fully set forth

15   herein.

16       134.   *Labor Code* §216 provides that it is a misdemeanor for an employer to "willfully

17   refuse to pay wages due and payable after demand has been made" or "falsely den[y] the amount

18   or validity thereof."

19       135.   *Labor Code* §225.5 provides a penalty of $100 for an initial violation and $200

20   for any subsequent violation of §216 plus 25% of the withheld amount.

21       136.   Upon demand to DEFENDANT, PLAINTIFFS and members of the CLASSES

22   were entitled by law to receive all of their wages and their final paycheck(s) immediately.

23   DEFENDANT also unlawfully withheld the balance of overtime pay, and rest break wages.

24   Moreover, these wages were demanded thereafter.

25       137.   As a result of DEFENDANT's abovementioned unlawful act, PLAINTIFF and

26   members of the CLASSES suffered injury and damage.

27       138.   As such, DEFENDANT is subject to the *Labor Code* §225.5. PLAINTIFF and

28   members of the CLASSES are entitled to such penalties plus interest as required by law, plus

CLASS ACTION COMPLAINT  -                                        26

1   restitution of all wages earned but not paid, the exact amount of penalties will be proved at trial.

2                  **NINETH CAUSE OF ACTION**

3         **(FAILURE TO FULLY REIMBURSE WORK EXPENSES)-**

4              **PLAINTIFF Against ALL DEFENDANTS**

5      139.   PLAINTIFF and members of the CLASSES hereby refer to and incorporate

6   paragraphs 1 through 138, inclusive, of this Complaint by reference, as though fully set forth

7   herein.

8      140.   *California Labor Code* §§ 2800 and 2802 provide that an employer must

9   reimburse employees for all necessary expenditures.

10     141.   California *Labor Code* §2802(a) provides that "an employer shall indemnify his

11   or her employee for all necessary expenditures or losses incurred by the employee in direct

12   consequence of the discharge of his or her duties, or of his or her obedience to the directions of

13   the employer." This includes, "all reasonable costs." (*Labor Code* §2802(c).)

14     142.   California *Labor Code* §2804 states in pertinent part that "any contract or

15   agreement, express or implied, made by any employee to waive the benefits of this article or any

16   part thereof is null and void, and this article shall not deprive any employee or his personal

17   representative of any right or remedy to which he is entitled under the laws of this State."

18     143.   During PLAINTIFF and members of the CLASSES' employment with

19   DEFENDANT, PLAINTIFF and members of the CLASSES incurred necessary business-related

20   expenses and costs that were not fully reimbursed by DEFENDANT including, but not limited

21   to, the expenses of shearing and sharpening. The amount of $150.00 provided by DEFENDANT

22   to its employees was at times not enough to cover their expenses to shear or sharpen and

23   maintain their tools.

24     144.   Furthermore, PLAINTIFF and members of the CLASSES were and are required

25   to buy from their own pocket the required supplies of their trade.

26     145.   DEFENDANT did not reimbursed its employees for their purchases nor did they

27   pay its employees the excesses of shearing or sharpening their tools.

28     146.   As a proximate result of the aforementioned violations, PLAINTIFF and members

1 | of the CLASSES have been damaged in an amount according to proof at the time of trial.

2 | 147. Pursuant to California *Labor Code* §2802(b), PLAINTIFF and members of the

3 | CLASSES request that the Court award interest at the same rate as judgments in civil actions,

4 | accruing from the date on which PLAINTIFF incurred the necessary expenditure or loss or must

5 | at least be paid twice the minimum wage.

6 | 148. Pursuant to California *Labor Code* §2802(c), PLAINTIFF and members of the

7 | CLASSES request that the Court award reasonable attorney's fees and costs incurred by them in

8 | this action.

9 | **TENTH CAUSE OF ACTION**

10 | **(FAILURE TO PAY UNIFORM MAINTENANCE)**

11 | **PLAINTIFF AND MEMBERS OF THE CLASSES against ALL DEFENDANTS**

12 | 149. PLAINTIFF and members of the CLASSES hereby refer to and incorporate

13 | paragraphs 1 through 148, inclusive, of this Complaint by reference, as though fully set forth

14 | herein.

15 | 150. Under California law, if an employer requires non-exempt employees to wear a

16 | uniform, the employer must pay for and maintain the uniform for the employee. (*Labor Code*

17 | §2802)

18 | 151. In addition to the cost of the uniform, the employer must provide non-exempt

19 | employees with reasonable maintenance of the uniforms. The employer can either maintain the

20 | uniform itself, or pay the employee a weekly maintenance allowance of an hour's pay at

21 | minimum wage, provided that an hour's pay is a reasonable estimate of the time necessary to

22 | maintain uniform properly.

23 | 152. An employer may never impose a financial burden on employees, with respect to

24 | purchasing or maintaining clothing, which would reduce the employees' wage rate below the

25 | minimum wage.

26 | 153. Here, DEFENDANT provided PLAINTIFF and members of the CLASSES with

27 | smock as uniform. However, DEFENDANT does not maintain the uniforms. PLAINTIFF and

28 | members of the CLASSES pay for the maintenance and cleaning themselves.

154.   DEFENDANT failed to maintain the uniform, nor pay PLAINTIFF and members of the CLASSES a weekly maintenance allowance of an hour's pay at minimum wage.

155.   As a proximate result of the aforementioned violations of §2802, PLAINTIFF and members of the CLASSES are entitled to recovery from DEFENDANT for reimbursement of necessary expenditures including interests, or an hour pay extra per week.

156.   As a proximate result of the aforementioned violations of *Labor Code* §2802, PLAINTIFF and members of the CLASSES have been damaged in an amount according to proof at the time of Trial.

157.   Pursuant to *Labor Code* §2802(b), PLAINTIFFS and members of the CLASSES request that the Court award interest at the same rate as judgments in civil actions, accruing from the date on which each PLAINTIFFS and members of the CLASSES incurred the necessary expenditure or loss.

158.   Pursuant to *Labor Code* §2802(c), PLAINTIFFS and members of the CLASSES request that the Court award reasonable attorney's fees and costs incurred by them in this action.

### ELEVENTH CAUSE OF ACTION

### (WAITING TIME PENALTIES)

### PLAINTIFF AND MEMBERS OF THE CLASSES against ALL DEFENDANTS

159.   PLAINTIFF and members of the CLASSES hereby refer to and incorporate paragraphs 1 through 158, inclusive, of this Complaint by reference, as though fully set forth herein.

160.   This cause of action is wholly derivative of and dependent upon the unpaid wage claims set forth for, unpaid overtime and rest period premium wages that remained unpaid upon termination or resignation of members of the CLASSES' employment.

161.   *Labor Code* §201 provides that the "wages earned and unpaid at the time of discharge are due and payable immediately." Similarly, Labor Code §202 states, "if an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to

1    his or her wages at the time of quitting."

2        162.   *Labor Code* §203 provides that "if an employer willfully fails to pay, without

3    abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any

4    wages of an employee who is discharged or who quits, the wages of the employee shall continue

5    as a penalty from the due date thereof at the same rate until paid or until an action therefor is

6    commenced; but the wages shall not continue for more than 30 days."

7        163.   During the relevant time period, DEFENDANT willfully failed to pay members

8    of the CLASSES who are no longer employed by DEFENDANT all earned and unpaid wages set

9    forth above, including but not limited to, properly calculated overtime pay, meal and rest period

10   premium wages, either at the time of discharge (i.e., within 24 hours), or within seventy-two (72)

11   hours of their leaving DEFENDANT's employ.

12       164.   DEFENDANT's failure to pay members of the CLASSES who are no longer

13   employed by DEFENDANT their wages earned and unpaid at the time of discharge, or within

14   seventy-two (72) hours of their leaving DEFENDANT's employ, is in violation of California

15   Labor Code sections 201, 202, and 203.

16       165.   Members of the CLASSES are entitled to recover from DEFENDANTS the

17   statutory penalty wages for each day they were not paid, at their regular hourly rate of pay, up to

18   a thirty (30) day maximum pursuant to California Labor Code sections 203, plus interest and

19   attorney's fees in the amount to be proven at trial.

20                              **TWELFTH CAUSE OF ACTION**

21        **(PRIVATE ATTORNEY GENERAL ACT CLAIM - LABOR CODE §2699, ET SEQ.)**

22        **PLAINTIFF AND MEMBERS OF THE CLASSES against ALL DEFENDANTS**

23       166.   PLAINTIFF and members of the CLASSES hereby refer to and incorporate

24   paragraphs 1 through 165, inclusive, of this Complaint by reference, as though fully set forth

25   herein.

26       167.   Pursuant to *Labor Code* §2699(a) (which provides that any provision of the *Labor*

27   *Code* that provides for a civil penalty to be assessed and collected by the Labor and Workforce

28   Development Agency, may, as an alternative, be recovered through a civil action brought by an

CLASS ACTION COMPLAINT –                                        30

1   aggrieved employee on behalf of himself or herself and other current or former employees)

2   PLAINTIFF seeks recovery or applicable civil penalties.

3        168.   Pursuant to *Labor Code* §2699(e) (which provides that for all provisions of the

4   *Labor Code* except those for which a civil penalty is specifically provided, there is established a

5   civil penalty for a violation of these provisions), PLAINTIFF seeks recovery of the applicable

6   civil penalties pursuant to *Labor Code* §§2699(e)(2) as follows:

7             a.   One hundred dollars ($100.00) per pay period for the initial violation; and

8             b.   Two hundred dollars ($200.00) per pay period for each subsequent violation.

9        169.   *Labor Code* §2699.3(a) states in pertinent part: "A civil action by an aggrieved

10  employee pursuant to subdivision (a) or (f) of §2699 alleging a violation of any provision listed

11  in §2699.5 shall commence only after the following requirements have been met: (1) The

12  aggrieved employee or representative shall give written notice by certified mail to the Labor and

13  Workforce Development Agency and the employer of the specific provisions of this code alleged

14  to have been violated, including the facts and theories to support the alleged violation.

15       170.   Here, PLAINTIFF and members of the CLASSES' civil action alleges violation

16  of provisions listed in *Labor Code* §2699.5. As such, *Labor Code* §2699.3(a) applies to this

17  action, and *Labor Code* §26699.3(b) and §26699.3(c) do not apply to this action.

18       171.   On June 28, 2016, PLAINTIFF complied with *Labor Code* §2699.3(a) in that

19  PLAINTIFF, on behalf of persons similarly situated, gave written notice by certified mail to the

20  Labor and Workforce Development Agency (LWDA") and DEFENDANT of the specific

21  provisions of the labor Code alleged to have been violated, including the facts and theories to

22  support the alleged violation.

23       172.   *Labor Code* §2699.3(a) further states in pertinent part "(2)(A) The agency shall

24  notify the employer and the aggrieved employee or representative by certified mail that it does

25  not intend to investigate the alleged violation within 30 calendar days of the postmark date of the

26  notice received pursuant to paragraph (1). Upon receipt of the notice or if no notice is provided

27  within 33 calendar days of the postmark date of the notice given pursuant to paragraph (1), the

28  aggrieved employee may commence a civil action pursuant to Section 2699."

173.   As of October 1, 2016 (more than 33 calendar days after PLAINTIFF's LWDA letters were mailed via certified mail), PLAINTIFF had not received any notification that the LWDA intended to investigate the alleged violations.

174.   As such, PLAINTIFF has complied with *Labor Code* §2699.3(a) and has been given authorization therefrom to commence a civil action which includes a cause of action pursuant to *Labor Code* §2699.

**THIRTEENTH CAUSE OF ACTION**

**(UNFAIR BUSINESS PRACTICES)**

**PLAINTIFFS AND MEMBERS OF THE CLASSES against ALL DEFENDANTS**

175.   PLAINTIFF and members of the CLASSES hereby refer to and incorporate paragraphs 1 through 174, inclusive, of this Complaint by reference, as though fully set forth herein.

176.   Within all times relevant herein, DEFENDANT, in an effort to exploit its workers for profit or otherwise, have engaged in the following unlawful, unfair, deceptive, and misleading business practices; among others;

a.   Failing to properly and timely pay properly calculated overtime of PLAINTIFF and members of the CLASSES;

b.   Failing to provide proper meal breaks and rest periods, or to pay premium wages for missed meal and rest periods to PLAINTIFF and members of the CLASSES;

c.   Employing practices which deprive PLAINTIFF and members of the CLASSES of meal and rest breaks;

d.   Failing to pay sick leave, owed money and vacation, reimbursement of all business expenses, and for uniform maintenance;

e.   Failing to provide accurate wage statements to PLAINTIFF and members of the CLASSES; and

f.   Failing to pay all wages earned and owed to departing employees.

177.   The foregoing wrongful activities have caused harm, fear, pressure, and humiliation to the employee(s) at DEFENDANT.

178.    As a direct and proximate cause of DEFENDANT's unlawful, unfair, and/or fraudulent acts and practices described herein, DEFENDANT has received and continues to hold ill-gotten gains belonging to PLAINTIFF and members of the CLASSES. As a direct and proximate cause of DEFENDANT's unlawful business practices, to PLAINTIFF and members of the CLASSES have suffered economic injuries including, but not limited to out-of-pocket business expenses, unlawful deductions from compensation, loss of minimum wage and overtime wages, compensation for missed meal and rest period, and waiting time penalties. DEFENDANT has profited from its unlawful, unfair and in the amount of those business expenses, improper deductions from compensation, unpaid minimum wages and overtime, unpaid compensation for missed meal and rest periods, and interests accrued by to PLAINTIFF and members of the CLASSES.

179.    Pursuant to the provisions of *B&PC* §17203, PLAINTIFF and members of the CLASSES are entitled to restoration of lost wages, unpaid business expenses, unlawful deductions, meal and rest periods and interests, DEFENDANT have collected by the use of the unfair, deceptive, and misleading business practices described in this Complaint.

180.    PLAINTIFF and members of the CLASSES are entitled to enforce all applicable penalty provisions of the California *Labor Code* pursuant to *B&PC* §17202.

181.    PLAINTIFF's success in this action will enforce important rights affecting the public interest. In this regard, PLAINTIFF sues on behalf of the public as well as on behalf of themselves and others similarly situated. PLAINTIFF seeks and is entitled to reimbursement of business expenses, the unpaid compensation, declaratory and injunctive relief, civil penalties, and any other appropriate remedy.

182.    Pursuant to the provisions of *B&PC* § 17203, this Court should issue an injunction prohibiting DEFENDANT from engaging in the foregoing unfair, deceptive, and misleading business practices.

183.    In order to prevent DEFENDANT from profiting and benefitting from their wrongful and illegal acts and continuing those acts, an order requiring DEFENDANT to disgorge all the profits and gains they have reaped and restore such profits and gains to PLAINTIFF and

CLASS ACTION COMPLAINT –                                    33

1   members of the CLASSES, from whom they were unlawfully taken.

2        184.   PLAINTIFF has assumed the responsibility of enforcement of the laws and lawful

3   claims specified herein. There is a financial burden incurred in pursuing this action which is in

4   the public interest. Therefore reasonable attorney's fees are appropriate pursuant to CCP

5   §1021.5.

6        185.   As a direct and proximate cause of the unfair business practices described above,

7   PLAINTIFF, members of the CLASSES, and members of the general public have all suffered

8   significant loses and DEFENDANT have been unjustly enriched.

9        186.   PLAINTIFF, members of the CLASSES, and members of the general public are

10  entitled to: restitution of money acquired by DEFENDANT by means of their unfair business

11  practices, in an amounts not yet ascertained but to be ascertained at trial; (b) injunctive relief

12  against DEFENDANT's continuation of their unfair business practices; and (c) declaration that

13  DEFENDANT's business practices are unfair within the meaning to the statute.

14                      **VIII. PRAYER FOR RELIEF**

15       WHEREFORE, Plaintiff LEA M. SMADJA, and members of the CLASSES pray for

16  judgment against Defendant PETSMART, INC. and Does 1 through 50, inclusive, as follows:

17       1.     That the Court issue an Order certifying the Classes herein, appointing all named

18              PLAINTIFFS as representative of all others similarly situated, and appointing all

19              law firms representing all named PLAINTIFFS as counsel for the members of the

20              Classes;

21       2.     An award of general, compensatory and liquidated damages in an amount to be

22              determined at trial;

23       3.     Wages constituting overtime time pay, meal and rest breaks wages, owed money

24              earned and vacation, unpaid business expenses including interest and penalties, to

25              the extent provided by law, including all applicable Labor Code penalties;

26       4.     Waiting time penalties;

27       5.     All applicable labor code penalties and additional wages, including but not limited

28              to those provided for under California *Labor Code* §§225.5, 226, 226.3, 2644 et

                          CLASS ACTION COMPLAINT  -                    34

seq.

6.   Injunctive relief prohibiting DEFENDANT from engaging in the unfair, deceptive, and misleading business practices described herein (Unfair Competition);

7.   Restoration of all money gained by DEFENDANT and all money lost by PLAINTIFF by DEFENDANT wrongly using the unfair, deceptive, and misleading business practices described in this Complaint (Unfair Competition);

8.   Reasonable attorneys' fees;

9.   Prejudgment interest;

10.  All costs of suit herein incurred; and

11.  Such other and further relief as the court may deem proper.

Dated this 28th day of November 2016          BITTON & ASSOCIATES

OPHIR J. BITTON,
Attorneys for Plaintiff LEA M. SMADJA
and all others similarly situated

CLASS ACTION COMPLAINT –                                    35

### DEMAND FOR JURY TRIAL

PLAINTIFF hereby demand a trial of their claims by jury to the extent authorized by law.

Dated this 28th day of November 2016          BITTON & ASSOCIATES

OPHIR J. BITTON,
Attorneys for Plaintiff LEA M. SMADJA
and all others similarly situated

CLASS ACTION COMPLAINT –                                    36

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Ophir J. Bitton SBN: 204310
BITTON & ASSOCIATES
7220 Melrose Avenue, 2nd Floor
Los Angeles, CA 90046
TELEPHONE NO.: 310-356-1006      FAX NO.: 818-524-1224
ATTORNEY FOR (Name): Plaintiff, Lea M. Smadja

**FILED**
Superior Court of California
County of Los Angeles

NOV 2 9 2016

Sherri R. Carter, Executive Officer/Clerk
By _Cristina Grijalva_ Deputy
Cristina Grijalva

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles-Central District
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Lea M. Smadja et al. v. Petsmart, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | BC 6 4 2 0 8 5 |

JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify):  13- Failure to Pay Proper Overtime, Failure to Provide Meal and Rest Breaks
5. This case [✓] is [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 28, 2016

Ophir J. Bitton
_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| SHORT TITLE: Lea M. Smadja et al. v. Petsmart Inc. | CASE NUMBER BC 6 4 2 0 8 5 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 7-10 ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death -- Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

| LACIV 109 (Rev. 03/11) LASC Approved 03-04 | CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION | Local Rule 2.0 Page 1 of 4 |
|---|---|---|

EXHIBIT A, PAGE 47

| SHORT TITLE: Lea M. Smadja et al. v. Petsmart Inc. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

EXHIBIT A, PAGE 48

| SHORT TITLE: Lea M. Smadja et al. v. Petsmart Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

| SHORT TITLE: Lea M. Smadja et al. v. Petsmart Inc. | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| | ADDRESS: |
|---|---|
| **REASON:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. <br><br> ☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | 4550 West Pico Boulevard |

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90019 |
|---|---|---|

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: ___November 28, 2016___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| LACIV 109 (Rev. 03/11) <br> LASC Approved 03-04 | **CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION** | Local Rule 2.0 <br> Page 4 of 4 |
|---|---|---|

**EXHIBIT A, PAGE 50**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State, Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| **BITTON & ASSOCIATES**<br>7220 Melrose Avenue, 2nd Floor<br>Los Angeles, CA 90046<br>TELEPHONE NO.: 818-524-1223    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* LEA M. SMADJA | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**DEC 19 2016**<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _Veronica Hill_ Deputy<br>Veronica Hillard |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: **111 North Hill Street**
MAILING ADDRESS:
CITY AND ZIP CODE: **Los Angeles 90012**
BRANCH NAME: **Central District, Stanley Mosk Courthouse**

| PLAINTIFF/PETITIONER: LEA M. SMADJA | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: PETSMART, INC, A DELAWARE CORPORATION | **BC642085** D-307 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>**LEA SMADJA v PETSMART INC** |

BY FAX

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of *(specify documents):*
   SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT; VOLUNTARY EFFICIENT LITIGATION STIPULATIONS; STIPULATION - EARLY ORGANIZATIONAL MEETING (BLANK); STIPULATION - DISCOVERY RESOLUTION (BLANK); INFORMAL DISCOVERY CONFERENCE (BLANK); STIPULATION AND ORDER - MOTIONS IN LIMINE

3. a. Party served *(specify name of party as shown on documents served):*
      **PETSMART, INC, A DELAWARE CORPORATION**

   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b whom substituted service was made) *(specify name and relationship to the party named in item 3a ):*
      **Gladys Aguilera, PROCESS SPECIALIST, PERSON AUTHORIZED TO ACCEPT, who accepted service, with identity confirmed by verbal communication, an Hispanic female approx. 25-35 years of age, 5'6"-5'8" tall, weighing 120-140 lbs with brown hair.**

4. Address where the party was served:
   **C T CORPORATION SYSTEM, 818 W 7TH ST, STE 930, LOS ANGELES, CA 90017**

5. I served the party *(check proper box)*
   a. [X] **by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 12/15/2016 at *(time):* 2:00 PM**

   b. [ ] **by substituted service. On *(date):*          at *(time):*          I left the documents listed in item 2 with** or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter caused to be mailed (by first class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc § 415.20). Documents were mailed on *(date):*          from *(city):*          or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California POS-
010 [Rev. January 1, 2007]
**PROOF OF SERVICE OF SUMMONS**
Code of Civil Procedure, § 417.10

Tracking #: 0014677095

REF: LEA SMADJA v PETSMART INC

**EXHIBIT A, PAGE 51**

| PLAINTIFF/PETITIONER: LEA M. SMADJA | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: PETSMART, INC, A DELAWARE CORPORATION | BC642085 |

c. ☐ **by mail and acknowledgement of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*          (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☒ On behalf of *(specify)* **PETSMART, INC, A DELAWARE CORPORATION**

under the following Code of Civil Procedure section:

☒ 416.10 (corporation)      ☐ 415.95 (business organization, form unknown)

☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)

☐ 416.30 (joint stock company/association)      ☐ 416.70 (ward or conservatee)

☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)

☐ 416.50 (public entity)      ☐ 415.46 (occupant)

☐ other:

7. **Person who served papers**

a. Name:      **Mario Lopez**

b. Address:      **316 W 2nd St., 3rd Floor, Los Angeles, CA 90012**

c. Telephone number:      **213-621-9999**

d. The fee for service was: **$ 59.50**

e. I am:

(1) ☐ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☒ registered California process server:

     (i) ☐ owner ☐ employee ☒ independent contractor.    For:    **ABC Legal Services, Inc.**

     (ii) ☒ Registration No.:   **5986**      Registration #:   **6779**

     (iii) ☒ County:      **Los Angeles**      County:    **Los Angeles**

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

12/17/16

Date: _____

_____      _____

**Mario Lopez**

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)      (SIGNATURE)

BY FAX

REF: LEA SMADJA v PETSMART INC

**EXHIBIT A, PAGE 52**