BITTON & ASSOCIATES
Ophir J. Bitton (SBN 204310)
Cesar G. Lachica, JR. (SBN 266634)
7220 Melrose Avenue, 2nd Floor
Los Angeles, CA 90046
Tel. No.: (310) 356-1006
Fax No.: (818) 524-1224
Attorneys for Plaintiffs
LEA M. SMADJA, ANDREW RODRIGUEZ
on behalf of themselves and all others similarly situated
**[Additional Counsel On Page Following Caption]**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEA M. SMADJA, an individual, ANDREW RODRIGUEZ, an individual, on behalf of themselves and all others similarly situated, and as aggrieved employees pursuant to the Private Attorney General Act,<br><br>            Plaintiffs,<br><br>      vs.<br><br>PETSMART, INC., a Delaware Corporation; and DOES 1-50, inclusive,<br><br>            Defendants. | Case No. 2:17-CV-00379 (SVW)(JC)<br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT**<br><br>**(1)    FAILURE TO PAY PROPER OVERTIME;**<br>**(2)    FAILURE TO PROVIDE AND/OR PAY SICK LEAVE;**<br>**(3)    FAILURE TO PROVIDE MEAL BREAKS;**<br>**(4)    FAILURE TO PROVIDE REST PERIODS;**<br>**(5)    UNPAID WAGES-OWED MONEY EARNED AND VACATION;**<br>**(6)    FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS (LABOR CODE §226);**<br>**(7)    FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS ((LABOR CODE §226.3);** |

|   |   |   |
|---|---|---|
| ) | **(8)** | **UNLAWFUL WITHHOLDING OF WAGES;** |
| ) | **(9)** | **FAILURE TO FULLY REIMBURSE WORK EXPENSES;** |
| ) | **(10)** | **FAILURE TO PAY UNIFORM MAINTENANCE** |
| ) | **(11)** | **WAITING TIME PENALTIES;** |
| ) | **(12)** | **PRIVATE ATTORNEY GENERALS ACT (LABOR CODE §2699, ET SEQ.); AND** |
| ) | **(13)** | **UNFAIR BUSINESS PRACTICES** |

**[DEMAND FOR JURY TRIAL]**

SHORTLEGAL, APC
Brian R. Short (SBN 236140)
Email: Brian@shortlegal.com
Kristina De La Rosa (SBN 279821)
Email: Kristina@shortlegal.com
350 10th Ave., Suite 1000
San Diego, California 92101
Telephone: 619.272.0720
Facsimile: 619.839.3129

COHELAN KHOURY & SINGER
Isam C. Khoury (SBN 58759)
ikhoury@ckslaw.com
Michael D. Singer (SBN 115301)
msinger@ckslaw.com
Jeff Geraci (SBN 151519)
jgeraci@ckslaw.com
605 C Street, Suite 200 San Diego, California 92101
Telephone: (619) 595-3001
Facsimile: (619)595-3000

Attorneys for Plaintiffs
LEA M. SMADJA, ANDREW RODRIGUEZ
on behalf of themselves and all others similarly situated

Plaintiff LEA M. SMADJA ("SMADJA"), an individual and Plaintiff ANDREW RODRIGUEZ ("RODRIGUEZ"), an individual, (collectively "PLAINTIFFS") on behalf of themselves and all others similarly situated, hereby file this Complaint against Defendant PETSMART, INC., a Delaware corporation ("DEFENDANT"); and DOES 1 to 25. PLAINTIFFS are informed and believe, and on the basis of that information and belief, alleges as follows:

## I. INTRODUCTION

1.     This is a class action pursuant to Code of Civil Procedure §382.

2.     This is a civil action seeking recovery for DEFENDANT's violations of California *Labor Code* ("*Labor Code*") §§1194, et seq., *Labor Code* §§200, et seq., *Labor Code* §§500, et seq., *Labor Code* §2802, *Labor Code* §§2698, et seq., California *Business and Professions Code* ("*B&PC*") §§17200, et seq., Fair Labor Standard Act, California, Federal, and related common law principles.

3.     PLAINTIFFS' action seeks monetary damages, including full restitution from DEFENDANT as a result of DEFENDANT's unlawful, fraudulent and/or unfair business practices.

4.     The acts complained of herein occurred, occur and will occur, at least in part, within the time period from four (4) years preceding the filing of the original Complaint herein, up to and through the time of trial for this matter.

RELEVANT JOB TITLES

5.     The relevant job titles in this action are DEFENDANT's Dog Groomer positions (hereinafter including DEFENDANT's job positions with substantially similar titles and duties) and

6.     DEFENDANT's Dog Groomer positions are paid by DEFENDANT on the basis of hourly rates.

7.     The obligations and responsibilities of DEFENDANT's Dog Groomer positions, respectively, are virtually identical from region to region, district to district, facility to facility, office to office, branch to branch, store to store, and

employee to employee. Any differences in job activities between the different individuals in these positions were and are legally insignificant to the issues presented by this action.

SUMMARY OF CLAIMS

8.    With regard to DEFENDANT's Dog Groomer positions, DEFENDANT has:

     a.  Failed to pay proper and timely overtime;

     b.  Failed to provide/ pay sick leave;

     c.  Failed to authorize and permit paid meal periods;

     d.  Failed to authorize and permit paid rest periods;

     e.  Failed to provide accurate itemized wage statements;

     f.  Failed to pay owed money earned and vacation;

     g.  Failed to pay uniform maintenance;

     h.  Failed to fully reimburse work expenses;

     i.  Unlawfully withheld wages;

     j.  Incurred waiting time penalties; and

     k.  Conducted unfair business practices.

## II. PARTIES

PLAINTIFFS

9.    Plaintiff LEA M. SMADJA ("SMADJA"), is over eighteen (18) and is now and/or at all times mentioned in this Complaint was a resident of the State of California.

10.    Plaintiff SMADJA worked for DEFENDANT as a Dog Groomer at DEFENDANTS' branch located at Pico Boulevard in Los Angeles in Los Angeles County.

11.    Plaintiff ANDREW RODRIGUEZ ("RODRIGUEZ") is over eighteen (18) and is now and/or at all times mentioned in this Complaint was a resident of the State of California.

12.    RODRIGUEZ    worked    for    DEFENDANT    as    a    Dog    Groomer    at

DEFENDANTS' branch located in Mission Valley in San Diego in San Diego County.

### DEFENDANTS

13.    Defendant PETSMART, INC. ("DEFENDANT") is now and/or at all times mentioned in this Complaint, was a Delaware corporation and the owner and operator of an industry, business and/or facility licensed to do business and actually doing business in the State of California. PLAINTIFFS are informed and believe and on this basis alleges that DEFENDANT is a nationwide pet retailer of services and solutions for the needs of pets in the United States and maintains different branches and retail stores in California including Los Angeles County.

### DOES 1 TO 50, INCLUSIVE

14.    DOES 1 to 50, inclusive are now, and/or at all times mentioned in this Complaint were licensed to do business and/or actually doing business in the State of California.

15.    PLAINTIFFS do not know the true names and capacities, whether individual partner or corporate, of DOES 1 to 50, inclusive and for that reason DOES 1 to 50 are sued under such fictitious names pursuant to California *Code of Civil Procedure* ("CCP") §474.

16.    PLAINTIFFS will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

### ALL DEFENDANTS

17.    DEFENDANTS, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happening and circumstances alleged in this Complaint.

18.    DEFENDANTS, and each of them, proximately subjected PLAINTIF to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

19.    PLAINTIFFS are informed and believe and thereon alleges that each

---

First Amended Complaint
CASE NO. 17CV00379 (SVW)(JC)

6

DEFENDANTS named in this Complaint (including DOES) was at all times herein mentioned and now is the agent, servant and employee of the other defendants herein, and vice versa, and  was at all such times acting within the course and scope of said agency and employment and with the consent and permission of each of the other co-defendants, and each of the defendants herein ratified each of the acts of each of the other co-defendants, and each of them.

20.    DEFENDANTS, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

21.    DEFENDANTS, and each of them, at all times mentioned in this Complaint concurred and contributed to the various acts and omissions of each and every one of the other DEFENDANTS in proximately causing the complaints, injuries and/or damages alleged in this Complaint.

22.    DEFENDANTS, and each of them, at all times mentioned in this Complaint approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.

23.    DEFENDANTS, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other DEFENDANTS thereby proximately causing the damages alleged in this Complaint.

24.     PLAINTIFFS are informed and believe and thereon alleges that each and every act and omission alleged herein was performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

25.    DEFENDANTS and each of them, proximately subjected PLAINTIFFS to

the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

COMMON FACTS

26.    PLAINTIFFS and other similarly situated employees have not been provided, during all the liability periods relevant to this Complaint, accurate wages on account of DEFENDANTS' inaccurate accounting and computation of regular time wages and overtime wages, improper meal and rest periods, failed to pay or provide sick leave, and other labor code violations.

27.    PLAINTIFFS and other similarly situated employees have not been paid, during all the liability periods relevant to this Complaint, expenses for the maintenance of their uniforms and other business-related expenses incurred for the benefit of DEFENDANT.

28.    DEFENDANT unlawfully withheld wages from PLAINTIFFS and other similarly situated employees.

29.    DEFENDANT failed to timely pay all final wages upon termination or resignation of PLAINTIFFS and others similarly situated.

30.    As a direct and proximate result of the unlawful actions of DEFENDANT, PLAINTIFFS and other similarly situated employees have suffered and continue to suffer from loss of earnings in amounts as yet unascertained, but subject to proof at trial in amounts in excess of the jurisdiction of this Court.

**III. JURISDICTION AND VENUE**

31.    The California Superior Court has jurisdiction in this matter due to DEFENDANT's violations of *Labor Code* §210, et seq., *Labor Code* §500, et seq., *Labor Code* §1194, B&PC §17200, et seq., the applicable Wage Orders issued by the California Industrial Welfare Commission (hereinafter, the "IWC Wage Orders"), and related common law principles.

32.    The California Superior Court also has jurisdiction in this matter because both the individual and aggregate monetary damages and restitution sought herein

exceed the minimal jurisdictional limits of the Superior Court and will be established at trial, according to proof.

33.     The California Superior Court likewise has jurisdiction over all DEFENDANTS because, based on information and belief, DEFENDANTS are ether citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California Court consistent with traditional notions of fair play and substantial justice.

34.     Venue is proper in Los Angeles County pursuant to *CCP* §395(a) and *CCP* §395.5 in that liability arose there because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each DEFENDANT either is found, maintains office, transacts business, and/or has an agent therein.

35.     *Labor Code* § 2699 *et seq.,* PAGA, authorizes aggrieved employees to sue directly for various civil penalties under the *Labor Code*. SMADJA timely provided notice on June 28, 2016 and January 21, 2016 to the Labor and Workforce Development Agency ("LWDA") and to DEFENDANT, pursuant to *Labor Code* §2699.3. Likewise RODRIGUEZ timely provided notice on March 21, 2017  to the LWDA.

## IV. CLASS ACTION ALLEGATIONS

36.     *CCP* §382 provides in pertinent part: "…[W]hen the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

37.     PLAINTIFFS bring this suit as a class action pursuant to *CCP* §382, on behalf of individuals who are entitled to the monies unlawfully withheld by DEFENDANT.

38.     The putative classes PLAINTIFFS will seek to certify are currently composed of and defined as follows:

a. All individuals employed and formerly employed by DEFENDANT in California as a Dog Groomer during the appropriate time period whom DEFENDANT failed to properly or timely pay overtime (hereinafter, the "Overtime Class");

b. All individuals employed and formerly employed by DEFENDANT in California as a Dog Groomer during the appropriate time period whom DEFENDANT failed to pay or provide sick leave (hereinafter, the "Sick Leave Class");

c. All individuals employed and formerly employed by DEFENDANTS in California as a Dog Groomer during the appropriate time period whom DEFENDANTS failed to authorize and permit the legally requisite meal periods (hereinafter, the "Meal Period Class");

d. All individuals employed and formerly employed by DEFENDANTS in California as a Dog Groomer during the appropriate time period whom DEFENDANTS failed to authorize and permit the legally requisite rest periods (hereinafter, the "Rest Period Class");

e. All individuals employed and formerly employed by DEFENDANTS in California as a Dog Groomer during the appropriate time period whom DEFENDANTS failed to provide accurate itemized wage statements under Labor Code §226 (hereinafter, the "§226 Wage Statement Class);

f. All individuals employed and formerly employed by DEFENDANTS in California as a Dog Groomer during the appropriate time period whom DEFENDANTS failed to provide accurate itemized wage statements under Labor Code §226.3 (hereinafter, the "§226.3 Wage Statement Class);

g.  All individuals employed and formerly employed by DEFENDANTS in California as a Dog Groomer during the appropriate time period whom DEFENDANTS failed to pay owed money earned and vacation (hereinafter, the "Vacation Class);

h.  All individuals employed and formerly employed by DEFENDANTS in California as a Dog Groomer during the appropriate time period whom DEFENDANTS failed to pay uniform maintenance (hereinafter, the "Uniform Class");

i.  All individuals employed and formerly employed by DEFENDANTS in California as a Dog Groomer during the appropriate time period whom DEFENDANTS failed to fully reimburse work expenses (hereinafter, the "Reimbursement Class");

j.  All individuals employed and formerly employed by DEFENDANTS in California as a Dog Groomer during the appropriate time period whom DEFENDANTS unlawfully withheld wages from (hereinafter, the "Withheld Wage Class");

k.  All individuals formerly employed by DEFENDANTS in California as Dog Groomer during the appropriate time period whom DEFENDANT willfully failed to pay any and all wages (hereinafter, the "LC 201 Class");

39.    The "Overtime Class," "Sick Leave Class," "Meal Period Class," "Rest Period Class," "§226 Wage Statement Class," "§226.3 Wage Statement Class," "Vacation Class," "Uniform Class," "Reimbursement Class," "Withheld Class," and "LC 201 Class" are hereinafter collectively referred to as the "CLASSES."

40.    Throughout discovery in this litigation, PLAINTIFFS may find it appropriate and/or necessary to amend the definition of the CLASSES. In any event, PLAINTIFFS will formally define and designate a class definition at such

time when PLAINTIFFS seek to certify the CLASSES alleged herein.

41. <u>Numerosity</u> (*CCP* §382):

    a. The potential quantity of members of the CLASSES as defined is so numerous that joinder of all members is unfeasible and impractical.

    b. The disposition of the claims of the members if the CLASSES through this class action will benefit both the parties and this Court.

    c. The quantity of members of the CLASSES is unknown to PLAINTIFFS at this time; however, it is estimated that the membership of the CLASSES numbers greater than 200 individuals;

    d. The quantity and identity of such membership is readily ascertainable via inspection of DEFENDANTS' records.

42. <u>Superiority</u> (*CCP* §382): The nature of this action and the nature of the laws available to PLAINTIFFS make the use of the class action format particularly efficient and the appropriate procedure to afford relief to PLAINTIFFS for the wrongs alleged herein, as follows:

    a. California has a public policy which encourages the use of the class action device;

    b. By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation;

    c. This case involves large corporate DEFENDANT and a large number of individual Class members with many relatively small claims and common issues of law and fact. The potential class is a significant number because NAMED PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANT employed at any one time, approximately over 200 hundred (200) hourly employees in all

facilities, buildings, communities and retail centers, with a total class estimated to be significantly over three hundred (600) employees in the past four years - there are numerous former employees who were subjected to the same illegal payroll practices or policies. Joinder of all former employees individually would be impractical;

d. If each individual member of the CLASSES was required to file an individual lawsuit, the large corporate DEFENDANT would necessarily gain an unconscionable advantage because DEFENDANT would be able to exploit and overwhelm the limited resources of each individual member of the CLASSES with DEFENDANT's vastly superior financial and legal resources;

e. Requiring each individual member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the CLASSES who would be disinclined to pursue an action against DEFENDANT because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being;

f. Proof of a common business practice or factual pattern, of which the members of the CLASSES experienced, is representative of the CLASSES herein and will establish the right of each of the members of the CLASSES to recover on the causes of action alleged herein;

g. Absent class treatment, the prosecution of separate actions by the individual members of the CLASSES, even if possible, would likely create:

   1) a substantial risk of each individual PLAINTIFFS presenting in separate, duplicative proceedings the same or essentially similar arguments and evidence, including expert testimony;

   2) a multiplicity of trials conducted at enormous expense to both

the judicial system and the litigants;

3) inconsistent or varying verdicts or adjudications with respect to the individual members of the CLASSES against DEFENDANT; and

4) potentially incompatible standards of conduct for DEFENDANT;

5) potentially incompatible legal determinations with respect to individual members of the CLASSES which would, as a practical matter be dispositive of the interest of the other members of the CLASSES who are not parties to the adjudications or which would substantially impair or impede the ability of the members of the CLASSES to protect their interests.

6) The claims of the individual members of the CLASSES are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attendant thereto;

7) Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage any individual questions; and

8) The Supreme Court of California urges trial courts, which have an obligation to consider the use of innovative procedural tools to certify a manageable class, to be procedurally innovative in managing class actions.

43.   <u>Well-defined Community of Interest</u>: PLAINTIFFS also meet the established standards for class certification (see, e.g. *Lockheed Martin Corp. v. Superior Court* (2003) 29 Cal.4th 1096), as follows:

44.   <u>Typicality</u>: The claims of PLAINTIFFS are typical of the claims of all

members of the CLASSES they seek to represent because all members of the CLASSES sustained injuries and damages arising out of DEFENDANT's common course of conduct in violation of law and injuries and damages of all members of the CLASSES were caused by DEFENDANT's wrongful conduct in violation of law as alleged herein.

45.   <u>Adequacy</u>: PLAINTIFFS:

    a.  are an adequate representative of the CLASSES they seek to represent;

    b.  will fairly protect the interests of the members of the CLASSES;

    c.  have no interests antagonistic of the members of the CLASSES; and

    d.  will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

46.   <u>Predominant Common Questions of Law or Fact</u>: There are common questions of law and/or fact as to the members of the CLASSES which predominate over questions affecting only individual members of the CLASSES, including, without limitation:

    a.  Whether DEFENDANT failed to properly pay overtime, in violation of the <u>Labor Code</u>:

    b.  Whether DEFENDANT failed to pay and/or provide sick leave, in violation of the Healthy Workplaces, Healthy Families Act of 2014:

    c.  Whether DEFENDANT failed and continue to fail to authorize and permit proper paid rest periods to the members of the Meal Period Class in violation of the <u>Labor Code</u> and Section 11 of the <u>IWC Wage Orders</u>:

    d.  Whether DEFENDANT failed and continue to fail to authorize and permit proper paid rest periods to the members of the Rest

Period Class in violation of the <u>Labor Code</u> and Section 11 of the <u>IWC Wage Orders:</u>

e.   Whether DEFENDANT failed to timely furnish accurate itemized statements to the members of the Wage Statement Class;

f.   Whether DEFENDANT complied with wage reporting as required by *Labor Code* §226(a) and §226.3;

g.   Whether DEFENDANT failed to pay owed money and earned vacation to Vacation Class;

h.   Whether DEFENDANT failed to pay uniform maintenance to Maintenance Class;

i.   Whether DEFENDANT failed to pay business expenses incurred by the Business Expenses Class for the benefit of DEFENDANT;

j.   Whether DEFENDANTS are liable pursuant to <u>Labor Code</u> §§202, and 203;

k.   Whether the members of the Classes are entitled to penalties pursuant to <u>Labor Code</u> §§2699, et seq.;

l.   Whether DEFENDANTS' conduct constitutes unfair competition within the meaning of <u>B&PC</u> §17200, et seq.;

m.   Whether DEFENDANTS' conduct constitutes unfair business practices within the meaning of <u>B&PC</u> §17200, et seq.;

n.   Whether the members of the Classes are entitled to injunctive relief;

o.   Whether the members of the Classes are entitled to restitution; and

p.   Whether DEFENDANTS are liable for attorney's fees and costs.

# V. STATEMENT OF FACTS

47.   DEFENDANT has been providing retailer of services and solutions for the needs of pets and have maintained branches and retail stores in the United States and throughout California.

48.   In or about January 2014, SMADJA was hired by DEFENDANT as a dog groomer at their retail store branch in Pico Boulevard, Los Angeles, California.

49.   In or about December 2016, RODRIGUEZ was transferred by DEFENDANT to a San Diego location from a location in Colorado.

50.   PLAINTIFFS and members of the CLASSES' positions with DEFENDANTS are non-exempt. PLAINTIFF SMADJA on her part was informed that her hourly base pay was $10.50 (eventually increased to $13.00). PLAINTIFF RODRIGUEZ received a similar base rate of pay if he did not commission-out during the relevant pay period.

51.   DEFENDANT paid PLAINTIFFS and members of the CLASSES by a commission scheme depending on their weekly sales. For PLAINTIFF SMADJA, on the basis of 50% when she started and later 60%. For example, if PLAINTIFF's sale for the week were below her hourly base for 40 hours by week, SMADJA's weekly pay would be computed at $10.50 (eventually increased to $13.00) per hour. Otherwise, her pay would be the equivalent of the commission rate (i.e., 50% or 60%) of her weekly sales. Similarly, RODRIGUEZ was paid 50% of his weekly sales as a commission on a weekly-averaged basis.  PLAINTIFFS are informed and believe that the same scheme is applied to all members of the CLASSES.

52.   Furthermore, PLAINTIFFS and members of the CLASSES' compensation structure, included non-discretionary commission/bonus pay or "stipend" which was based on meeting team goals.

53.   PLAINTIFFS requested an accounting from DEFENDANT with regard to their commission, however, DEFENDANT failed to provide any such accounting.

54.   During at least a portion of the applicable class period, PLAINTIFFS and

other similarly-situated and aggrieved employees were paid under what PLAINTIFFS alleges to be a non-compliant piece-rate or commission system. When Plaintiff RODRIGUEZ initially transferred to California from another state, he was paid based on a straight commission /piece rate per hours worked pay plan, thereby depriving him of at least minimum wages for all hours worked and paid duty-free rest periods. Upon information and belief, other similar situated Pet Groomers were paid in a similar manner.

55.    PetSmart paid Groomers on what it termed a commission-only basis with a fall-back rate of an hourly base rate if they did not earn the commissions threshold. This commission threshold was based on a percentage of total weekly sales. If Pet Groomers reached their commissions threshold (referred to as "commissioned-out," "commissioning-out," or "commission-only") PLAINTIFFS and other similarly-situated and aggrieved employees were consequently not paid for the time spent performing work that was not commission eligible ("non-productive time"), including the time spent during rest periods. As a result, they were not properly provided with paid off-duty rest periods during the time in which they were paid by piece rate or commission.

56.    As a result of the piece rate or commission-only payment, PLAINTIFFS and other similarly situated current and former employees were therefore not paid at least minimum wage for all time during rest periods because PLAINTIFFS and other similarly-situated and aggrieved employees were only compensated for piece rate or commission-eligible working time during the periods in which they received compensation based purely on piece rate pay or commissions. They did not receive compensation for time spent taking legally-required off-duty rest periods.

57.    DEFENDANT's "policy" is that its employees are not allowed to groom alone; however, in violation of its own policy, DEFENDANT regularly scheduled an employee alone to groom and often scheduled too many dogs.

58. As such, although PLAINTIFFS and members of the CLASSES were purportedly allowed to have their lunch breaks, their schedules often only allowed them to have their lunch breaks beyond the 5th hour. More so, because of the over-scheduling by DEFENDANT, PLAINTIFFS and members of the CLASSES were often not allowed to take any 10-minute rest periods for every four hours of work.

59. For periods wherein PLAINTIFFS and members of the CLASSES were deprived of their mandated rest periods, they are entitled to rest period compensation which is an additional 1 hour of pay for each day in which a rest break was not provided. The extra 1 hour pay of wages must be included in the regular rate of compensation. In addition, this additional pay must be used in computing the regular rate of pay.

60. For the hours worked in excess of 40 hours per week and/or over 8 hours in a day during the relevant period of time, DEFENDANTS purported to pay PLAINTIFFS and members of the CLASSES overtime for hours worked in excess of 40 hours per week, however, DEFENDANTS failed to timely pay time and one-half of employees' regular rate of pay, and instead timely paid only time and one-half of employees' hourly wages.

61. In contrast to DEFENDANTS' practices, relevant law requires DEFENDANTS to timely pay overtime compensation derived from hourly wages and applicable commissions, spiffs, and bonuses. When not immediately computable, the additional computation should be paid in the next payday after the employer can reasonably compute and arrange for payment of the additional compensation. DEFENDANTS also failed to factor in the meal breaks and rest period compensation in the computation of overtime pay PLAINTIFFS and members of the CLASSES.

62. Also, PLAINTIFFS and members of the CLASSES were expected to buy and use their own grooming tools for work done for DEFENDANT. These included power tools and non-power tools.

63.     Although PLAINTIFFS and members of the CLASSES were given $150.00 periodically to shear and sharpen their tools, at times the amount was not sufficient to cover the cost of shearing and sharpening the tools. PLAINTIFFS and members of the CLASSES were not reimbursed for the items they bought nor the excesses they paid for shearing or sharpening tools.

64.     Moreover, though they were a job necessity, PLAINTIFFS and members of the CLASSES were not given proper "fair rental value" for the use of these tools. In many pay periods, PLAINTIFFS and members of the CLASSES did not earn at least double the minimum wage which is a requirement when employees use their own tools.

65.     Furthermore, DEFENDANT required its employees to wear a smock while performing their duties on behalf of DEFENDANT. Although DEFENDANT provided the smock, DEFENDANT did not pay for the cleaning and maintenance of the smock.

66.      PLAINTIFFS are informed and believe that those conditions existed at other DEFENDANT's retail stores and/or branches.

67.     At the time of PLAINTIFF's termination, DEFENDANTS failed to pay PLAINTIFFS sick leave and accrued unused vacation time. Moreover, she and those similarly situated were not paid break penalties and properly computed overtime pay. PLAINTIFFS are informed and believe that the same conditions also existed for those who resigned or been terminated from DEFENDANT's employment.

68.     Having been injured by DEFENDANTS, PLAINTIFF, on each of their behalves and on behalf of those similarly situated informed the Department of Labor & Workforce Development Agency ("DOL") of DEFENDANTS' violation. Thirty-three days has passed since PLAINTIFFS informed DOL. Thus PLAINTIFFS have satisfied and/or exhausted any and all preconditions to bringing this action as required by *California Labor Code* § 2699*, et seq.,* and is entitled to

penalties, interests, and attorneys' fees provided for under the Private Attorney General Act ("PAGA").

## VII. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(FAILURE TO PAY PROPER AND TIMELY OVERTIME)**
**PLAINTIFFS AND MEMBERS OF THE CLASSES against ALL DEFENDANTS**

69.    PLAINTIFFS and members of the CLASSES hereby refer to, reallege and incorporate the foregoing paragraphs and allegations, of this Complaint by reference, as though fully set forth herein.

70.    *Labor Code* §510, provides that an employee must be paid overtime after working eight (8) hours in a day and forty (40) hours in a week. Overtime must be paid at one-and-a-half times the regular rate of pay after eight hours in a day and forty hours in a week. The overtime rate becomes two times the regular rate of pay for hours over twelve in a day, or over eight hours on the seventh consecutive day worked.

71.    The "regular rate of pay" is comprised of more than just the employee's hourly rate of pay it includes many different kinds of monetary remuneration an employee earns for his labor, including commissions, spiffs, and bonuses. (29 *U.S.C.* 207(e).) Employers must include these nondiscretionary bonuses and incentive pay (e.g. stipend) along with other earnings to determine an employee's regular rate on which overtime pay is computed each pay period.

72.    A bonus is "nondiscretionary" if the employer makes a promise to pay it based on the requirements being met. This includes bonuses designed to induce the employees to work more steadily, more rapidly or more efficiently, to remain with the employer, to meet attendance goals, individual or group production bonuses and bonuses for quality and accuracy of work. (29 *C.F.R.* 778.211(c).) This also includes spiffs, and incentive pay for special skills.

73.    *Labor Code* § 1194 also establishes an employees' right to recover unpaid

wages, including overtime compensation and interest thereon, together with the cost of suit. Moreover, the Fair Labor Standards Act provides liquidated damages in the amount of all overtime not paid in addition to the overtime pay.

74. Further, *Labor Code* § 226.7, subdivision (a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission." Also *Labor Code* §226.7 (b) further provides that, "If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, *the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation* for each work day that the meal or rest period is not provided."

75. Thus, the "additional hour of pay" is a premium wage intended to compensate employees and should be included in the computation of overtime.

76. More so, the relevant provisions of Labor Code §204 requires that "[a]ll wages . . . earned" are "due and payable" at least twice each calendar month. Payment of all wages earned in a pay period is due within a specified number of days after the end of the period. "In other words, all earned wages, *including commissions*, must be paid no less frequently than semi-monthly," or at least twice each month.

77. At all times herein mentioned, PLAINTIFFS and members of the CLASSES were exempt employees of DEFENDANT.

78. At all times herein mentioned, PLAINTIFFS and members of the CLASSES regularly worked overtime during the entire time of their employment.

79. DEFENDANT also did not provide PLAINTIFFS and members of the CLASSES with proper meal and rest breaks.

80. PLAINTIFFS and members of the CLASSES' hourly rates at all times relevant should have to be determined by a detailed accounting of their non-discretionary commission/bonus pay, spiffs, or "incentive" pay (e.g. stipend)

including their meal and rest period compensation.

81.     In any pay period in which a commission has been earned DEFENDANT was and is required to recalculate the rate of pay upon which overtime for that pay period is calculated. This may be accomplished by adding together all compensation earned for the workweek and then dividing the compensation by the number of regular time hours worked. This would provide a revised hourly rate upon which overtime may be calculated.

82.     In instances when DEFENDANT did pay overtime to PLAINTIFFS and members of the CLASSES, DEFENDANT timely paid only 1.5 times their hourly wage, but failed to timely and properly pay 1.5 times their regular rate of pay taking into account non-discretionary commission/bonus pay, spiffs, or "incentive" pay including the meal and rest period compensation in calculating the overtime pay of PLAINTIFFS and members of the CLASSES.

83.     By failing to properly and timely compensate PLAINTIFFS and members of the CLASSES for wages earned, DEFENDANT acted maliciously, fraudulently, oppressively, and despicably, with wrongful intention causing injury and hardship to PLAINTIFFS and members of the CLASSES by reaping economic gain at PLAINTIFFS and members of the CLASSES' expense, in willful and conscious disregard of PLAINTIFFS and members of the CLASSES' statutory and regulatory right to right to receive lawful wages.

84.     As a result of the unlawful acts of DEFENDANT, PLAINTIFFS and members of the CLASSES have been deprived of wages and overtime and double time premium pay in amounts to be proven at trial, and PLAINTIFFS and members of the CLASSES are entitled to recovery of such amounts from DEFENDANT, plus interest, penalties and attorney's fees and costs. Also, under the Fair Labor Standards Act ("FLSA") PLAINTIFFS are entitled to liquidated damages.

///

## SECOND CAUSE OF ACTION
### (FAILURE TO PROVIDE AND/OR PAY SICK LEAVE)
### PLAINTIFFS Against All DEFENDANTS

85.    PLAINTIFFS and members of the CLASSES hereby refer to, reallege and incorporate the foregoing paragraphs and allegations, of this Complaint by reference, as though fully set forth herein.

86.    Under the Healthy Workplaces, Healthy Families Act of 2014, an employee who works for 30 or more days within a year is entitled to paid sick days of 24 hours or 3 days in each year of employment.

87.    For violation of this Act, the penalty to the employer is the dollar amount of paid sick days withheld from the employee multiplied by three, or two hundred fifty dollars ($250.00), which ever amount is greater, but not to exceed an aggregate penalty of four thousand dollars ($4,000.00).

88.    At all times herein mentioned, PLAINTIFFS and members of the CLASSES were exempt employees of DEFENDANT.

89.    At all times herein mentioned, PLAINTIFFS and members of the CLASSES at times called in sick during their employment.

90.    For those days that PLAINTIFFS and members of the CLASSES called in sick, DEFENDANT did not pay PLAINTIFFS and members of the CLASSES sick leave as mandated by law. In fact, DEFENDANT informed PLAINTIFFS and members of the CLASSES that they do not get sick time off.

91.    As a result of DEFENDANT's abovementioned unlawful act, PLAINTIFFS and members of the CLASSES suffered injury and damage.

92.    As such, DEFENDANT is liable to PLAINTIFFS and members of the CLASSES for the dollar amount of the sick days multiplied it by three plus interest in the amount to be proven at trial.

///

///

///

### THIRD CAUSE OF ACTION
### (FAILURE TO PROVIDE MEAL BREAKS)
### PLAINTIFFS AND MEMBERS OF THE CLASSES against ALL DEFENDANTS

93.   PLAINTIFFS and members of the CLASSES hereby refer to, reallege and incorporate the foregoing paragraphs and allegations, of this Complaint by reference, as though fully set forth herein.

94.   *Labor Code* §512(a) provides that employees who work more than five hours in a day are entitled to a meal period of at least 30 minutes; and a second meal period of at least 30 minutes if they work for more than 10 hours in a day.

95.   Labor Code §512 further provides that "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

96.   Labor Code §516 provides that the Industrial Welfare Commission may adopt or amend working condition orders with respect to meal periods for any workers in California consistent with the health and welfare of those workers.

97.   Section 11(A) of the IWC Wage Order(s) provides that "Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

98.   Section 11(B) of the IWC Wage Order(s) provides that "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the

employee's regular rate of compensation for each workday that he meal period is not provided."

99.   Furthermore, an employer may not undermine a formal policy of providing meal breaks by pressuring employees to perform their duties in ways that omit breaks. The wage orders and governing statute do not countenance an employer's exerting coercion against the taking of, creating incentives to forego, or otherwise encouraging the skipping of legally protected breaks.

100.   During their employment with DEFENDANT, PLAINTIFFS and members of the CLASSES consistently worked over five (5) hours per shift and therefore were entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

101.   DEFENDANT regularly scheduled an employee alone to groom and often scheduled too many dogs in violation of its policy.

102.   During their employment with DEFENDANT, PLAINTIFFS and members of the CLASSES were given purported meal period, however, the grooming schedule made by DEFENDANT for its clients made it so that PLAINTIFFS and members of the CLASSES could often not take their meal breaks on time, thus making them to take it beyond the 5th or 6th hour.

103.   By failing to afford proper meal breaks to PLAINTIFFS and members of the CLASSES and in failing to properly compensate PLAINTIFFS and members of the CLASSES for the meal periods they were not properly provided, DEFENDANT acted maliciously, fraudulently, oppressively, and despicably, with wrongful intention causing injury and hardship to PLAINTIFFS and members of the CLASSES by reaping economic gain at PLAINTIFFS and members of the CLASSES' expense, in willful and conscious disregard of PLAINTIFFS and members of the CLASSES' statutory and regulatory right to lunch periods and related compensation.

104.   PLAINTIFFS and members of the CLASSES had been harmed and

DEFENDANT is liable to PLAINTIFFS and members of the CLASSES for one hour of additional premium pay at the regular rate of compensation for each day in which the proper meal was not provided. The exact amount of missed meal breaks wages owed to PLAINTIFFS and members of the CLASSES shall be proved at trial.  In addition, PLAINTIFFS and members of the CLASSES are entitled to interest, penalties, attorney's fees ("PAGA") and costs, among other damages against DEFENDANT.

**FOURTH CAUSE OF ACTION**
**(FAILURE TO PROVIDE REST BREAKS)**
**PLAINTIFFS AND MEMBERS OF THE CLASSES against ALL DEFENDANTS**

105.  PLAINTIFFS and members of the CLASSES hereby refer to, reallege and incorporate the foregoing paragraphs and allegations, of this Complaint by reference, as though fully set forth herein.

106.   State law requires employers to authorize paid rest periods of a specified minimum duration of 10 minutes for every four hours an employee works. (See, e.g., *8 California Code Regulations* §§11010-11150 ¶2 and §11160 ¶1; Wage order No. 9)

107.   At all times relevant herein PLAINTIFFS and members of the CLASSES were employed by DEFENDANTS in non-exempt positions.

108.   At all times herein mentioned, PLAINTIFFS and members of the CLASSES' shifts that were over four (4) hours therefore were entitled to a rest period of not less than ten (10) minutes prior to exceeding four (4) hours of employment for each four (4) hours of work.

109.   DEFENDANT regularly scheduled an employee alone to groom and often scheduled too many dogs in violation of its policy.

110.  Because of the overscheduling of DEFENDANT, PLAINTIFFS and members of the CLASSES were often not allowed to take any rest breaks for every four hours of work.

111.   At all relevant times, DEFENDANT was aware of and was under a duty to comply with California Labor Code and the applicable Wage Orders.

112.   As such, by requiring PLAINTIFFS and members of the CLASSES to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked, DEFENDANT denied and ignored its duty to provide PLAINTIFFS and members of the CLASSES proper rest periods.

113.   An employer who fails to provide rest periods as required by an applicable Wage Order must pay the employee one additional hour of pay at the employee's regular rate of pay for each work day that a rest period was not provided.

114.   By failing to consistently provide PLAINTIFFS and members of the CLASSES with ten minute rest period, communicate the authorization and permission to take rest periods, permit to take rest breaks, and provide PLAINTIFFS and members of the CLASSES one hour's pay at their respective rate per day for each missed rest period, DEFENDANT acted maliciously, fraudulently, oppressively, and despicably, with wrongful intention causing injury and hardship to PLAINTIFFS and members of the CLASSES by reaping economic gain at PLAINTIFFS and members of the CLASSES' expense, in willful and conscious disregard of PLAINTIFFS and members of the CLASSES' statutory and regulatory right to rest period.

115.   PLAINTIFFS and members of the CLASSES have been harmed and DEFENDANT is liable to PLAINTIFFS and members of the CLASSES for one (1) hour of additional premium pay at the regular rate of compensation for each day in which the proper rest period was not provided. The exact amount of missed rest break wages owed to PLAINTIFFS and members of the CLASSES shall be proved at trial.

116.   In addition, PLAINTIFFS and members of the CLASSES are entitled to interest, penalties, attorney's fees ("PAGA") and costs against DEFENDANTS.

///

# FIFTH CAUSE OF ACTION
## (FAILURE TO PAY OWED MONEY EARNED AND VACATION)
## PLAINTIFFS AND MEMBERS OF THE CLASSES against ALL DEFENDANTS

117.   PLAINTIFFS and members of the CLASSES hereby refer to, reallege and incorporate the foregoing paragraphs and allegations, of this Complaint by reference, as though fully set forth herein.

118.   Under California Law, all wages earned by employees must be paid by their employers.

119.   *Labor Code* § 204 (b)(1) all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

120.   *Labor Code* §215 provides that a violation of the provision of person, or the agent, manager, superintendent or officer *Labor Code* § 204 is guilty of misdemeanor.

121.   At all relevant times, PLAINTIFFS and members of the CLASSES were employed by DEFENDANTS in non-exempt positions.

122.   At relevant times material hereto, PLAINTIFFS and members of the CLASSES are entitled to two weeks of vacation time per year.

123.   DEFENDANT only paid PLAINTIFFS and members of the CLASSES a portion of the week vacation that were unused in 2015 and failed provide PLAINTIFFS and members of the CLASSES their accrued unused vacation time for 2016.

124.   PLAINTIFFS requested from DEFENDANT the value of these unused leave but failed to pay.

125.   As a result of DEFENDANTS' abovementioned unlawful act, PLAINTIFFS and members of the CLASSES suffered injury and damage.

126.   PLAINTIFFS and members of the CLASSES is therefore entitled to recover from DEFENDANT interest on all due and unpaid wages at the rate

specified in *Civil Code* § 3289 (b) which shall accrue from the date that the wages were due and payable.

## SIXTH CAUSE OF ACTION
## (FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS [LABOR CODE §226])
## PLAINTIFFS AND MEMBERS OF THE CLASSES against ALL DEFENDANTS

127.   PLAINTIFFS and members of the CLASSES hereby refer to, reallege and incorporate the foregoing paragraphs and allegations, of this Complaint by reference, as though fully set forth herein.

128.   *Labor Code* §226(a) require employers to provide accurate itemized wage statements for each wage payment. *Labor Code* §226 (e) provides for a recovery of the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) (per employee).

129.   At all relevant times, PLAINTIFFS and members of the CLASSES were employed by DEFENDANT in non-exempt positions.

130.   At relevant times material hereto, DEFENDANT was aware of, and was under a duty to comply with this law and other relevant laws.

131.   At relevant times material hereto, DEFENDANT failed to provide timely, accurate itemized wage statements to PLAINTIFFS and members of the CLASSES in accordance with California Labor Code. The statements provided by DEFENDANT did not accurately reflect actual gross wage earned, net wages earned, and/or the appropriate deductions to account for all proper regular and overtime pay, and breaks missed. In failing to do so, DEFENDANT also did not comply with the provision set forth above.

132.   Because of DEFENDANT's abovementioned unlawful act, PLAINTIFFS and members of the CLASSES suffered injury and damage.

133.   PLAINTIFFS and members of the CLASSES is therefore entitled to recover from DEFENDANT a §226(e) penalty not exceeding four thousand dollars.

134.   PLAINTIFFS and members of the CLASSES are entitled to injunctive relief to ensure compliance with the abovementioned *Labor Code* provision and seek to recover actual damages and/or penalties as applicable by law to be proved at trial, plus interest, and attorney's fees and costs, among other damages against DEFENDANT.

## SEVENTH CAUSE OF ACTION
## (FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS [LABOR CODE §226.3])
## PLAINTIFFS AND MEMBERS OF THE CLASSES against ALL DEFENDANTS

135.   PLAINTIFFS and members of the CLASSES hereby refer to, reallege and incorporate the foregoing paragraphs and allegations, of this Complaint by reference, as though fully set forth herein.

136.   The failure to provide itemized wage statements is in violation of *Labor Code* §226.3 which provides in relevant part that any employer who violates subdivision (a) of §226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation for which the employer fails to provide the employee a wage deduction statement or fails to keep the record required in subdivision (a) of Section 226..

137.   At all relevant times, PLAINTIFFS and members of the CLASSES were employed by DEFENDANT in non-exempt positions.

138.   At relevant times material hereto, DEFENDANT was aware of, and was under a duty to comply with this law and other relevant laws.

139.   At relevant times material hereto, DEFENDANTS failed to provide timely, accurate itemized wage statements to PLAINTIFFS and members of the CLASSES in accordance with California Labor Code. The statements provided by

DEFENDANTS did not accurately reflect actual gross wage earned, net wages earned, and/or the appropriate deductions to account for all proper regular and overtime pay, and breaks missed. In failing to do so, DEFENDANTS also did not comply with the provision set forth above.

140.    As a result of DEFENDANT's abovementioned unlawful act, PLAINTIFFS and members of the CLASSES suffered injury and damage.

141.    PLAINTIFFS and members of the CLASSES are therefore entitled to the above described civil penalty.

142.    PLAINTIFFS and members of the CLASSES are entitled to injunctive relief to ensure compliance with the abovementioned *Labor Code* provision and seek to recover actual damages and/or penalties as applicable by law to be proved at trial, plus interest, and attorney's fees and costs, among other damages against DEFENDANT.

## EIGHTH CAUSE OF ACTION
### (UNLAWFUL WITHHOLDING OF WAGES)
### PLAINTIFFS AND MEMBERS OF THE CLASSES against ALL DEFENDANTS

143.    PLAINTIFFS and members of the CLASSES hereby refer to, reallege and incorporate the foregoing paragraphs and allegations, of this Complaint by reference, as though fully set forth herein.

144.    Labor *Code* §216 provides that it is a misdemeanor for an employer to "willfully refuse to pay wages due and payable after demand has been made" or "falsely den[y] the amount or validity thereof."

145.    *Labor Code* §225.5 provides a penalty of $100 for an initial violation and $200 for any subsequent violation of §216 plus 25% of the withheld amount.

146.    Upon demand to DEFENDANT, PLAINTIFFS and members of the CLASSES were entitled by law to receive all wages and their final paycheck(s) immediately. DEFENDANT also unlawfully withheld the balance of overtime pay, and rest break wages. Moreover, these wages were demanded thereafter.

147.   As a result of DEFENDANT's abovementioned unlawful act, PLAINTIFFS and members of the CLASSES suffered injury and damage.

148.   As such, DEFENDANT is subject to the *Labor Code* §225.5. PLAINTIFFS and members of the CLASSES are entitled to such penalties plus interest as required by law, plus restitution of all wages earned but not paid, the exact amount of penalties will be proved at trial.

**NINTH CAUSE OF ACTION**
**(FAILURE TO FULLY REIMBURSE WORK EXPENSES)-**
**PLAINTIFFS against ALL DEFENDANTS**

149.   PLAINTIFFS and members of the CLASSES hereby refer to, reallege and incorporate the foregoing paragraphs and allegations, of this Complaint by reference, as though fully set forth herein.

150.   *California Labor Code* §§ 2800 and 2802 provide that an employer must reimburse employees for all necessary expenditures.

151.    California *Labor Code* §2802(a) provides that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer." This includes, "all reasonable costs." (*Labor Code* §2802(c).)

152.   California *Labor Code* §2804 states in pertinent part that "any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof is null and void, and this article shall not deprive any employee or his personal; representative of any right or remedy to which he is entitled under the laws of this State."

153.   During PLAINTIFFS and members of the CLASSES' employment with DEFENDANT, PLAINTIFFS and members of the CLASSES incurred necessary business-related expenses and costs that were not fully reimbursed by DEFENDANT including, but not limited to, the expenses of shearing and sharpening. The amount of $150.00 provided by DEFENDANT to its employees

was at times not enough to cover their expenses to shear or sharpen their tools.

154.   Furthermore, PLAINTIFFS and members of the CLASSES were and are required to buy from their own pocket the required supplies of their trade.

155.   DEFENDANT did not reimburse its employees for their purchases nor did they pay its employees the excesses of shearing or sharpening their tools.

156.   As a proximate result of the aforementioned violations, PLAINTIFFS and members of the CLASSES have been damaged in an amount according to proof at the time of trial.

157.   Pursuant to California *Labor Code* §2802(b), PLAINTIFFS and members of the CLASSES request that the Court award interest at the same rate as judgments in civil actions, accruing from the date on which PLAINTIFFS incurred the necessary expenditure or loss or must at least be paid twice the minimum wage.

158.   Pursuant to California *Labor Code* §2802(c), PLAINTIFFS and members of the CLASSES request that the Court award reasonable attorney's fees and costs incurred by them in this action.

<u>**TENTH CAUSE OF ACTION**</u>
**(FAILURE TO PAY UNIFORM MAINTENANCE)**
**PLAINTIFFS AND MEMBERS OF THE CLASSES against ALL DEFENDANTS**

159.   PLAINTIFFS and members of the CLASSES hereby refer to, reallege and incorporate the foregoing paragraphs and allegations, of this Complaint by reference, as though fully set forth herein.

160.    Under California law, if an employer requires non-exempt employees to wear a uniform, the employer must pay for and maintain the uniform for the employee. (*Labor Code* §2802)

161.    In addition to the cost of the uniform, the employer must provide non-exempt employees with reasonable maintenance of the uniforms. The employer can either maintain the uniform itself or pay the employee a weekly maintenance allowance of an hour's pay at minimum wage, provided that an hour's pay is a

reasonable estimate of the time necessary to maintain uniform properly.

162. An employer may never impose a financial burden on employees, with respect to purchasing or maintaining clothing, which would reduce the employees' wage rate below the minimum wage.

163. Here, DEFENDANT provided PLAINTIFFS and members of the CLASSES with smock as uniform. However, DEFENDANT does not maintain the uniforms. PLAINTIFFS and members of the CLASSES pay for the maintenance and cleaning themselves.

164. DEFENDANT failed to maintain the uniform, nor pay PLAINTIFFS and members of the CLASSES a weekly maintenance allowance of an hour's pay at minimum wage.

165. As a proximate result of the aforementioned violations of §2802, PLAINTIFFS and members of the CLASSES are entitled to recovery from DEFENDANT for reimbursement of necessary expenditures including interests, or an hour pay extra per week.

166. As a proximate result of the aforementioned violations of *Labor Code* §2802, PLAINTIFFS and members of the CLASSES have been damaged in an amount according to proof at the time of Trial.

167. Pursuant to *Labor Code* §2802(b), PLAINTIFFS and members of the CLASSES request that the Court award interest at the same rate as judgments in civil actions, accruing from the date on which each PLAINTIFFS and members of the CLASSES incurred the necessary expenditure or loss.

168. Pursuant to *Labor Code* §2802(c), PLAINTIFFS and members of the CLASSES request that the Court award reasonable attorney's fees and costs incurred by them in this action.

///

///

///

## ELEVENTH CAUSE OF ACTION
### (WAITING TIME PENALTIES)
### PLAINTIFFS AND MEMBERS OF THE CLASSES against ALL DEFENDANTS

169.   PLAINTIFFS and members of the CLASSES hereby refer to, reallege and incorporate the foregoing paragraphs and allegations, of this Complaint by reference, as though fully set forth herein.

170.   This cause of action is wholly derivative of and dependent upon the unpaid wage claims set forth for, unpaid wages that remained unpaid upon termination or resignation of members of the CLASSES' employment.

171.   *Labor Code* §201 provides that the "wages earned and unpaid at the time of discharge are due and payable immediately." Similarly, Labor Code §202 states, "if an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

172.   *Labor Code* §203 provides that "if an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

173.   During the relevant time period, DEFENDANT willfully failed to pay members of the CLASSES who are no longer employed by DEFENDANT all earned and unpaid wages set forth above, including but not limited to, properly calculated overtime pay, meal and rest period premium wages, either at the time of discharge (i.e., within 24 hours), or within seventy-two (72) hours of their leaving DEFENDANT's employ.

174.   DEFENDANT's failure to pay members of the CLASSES who are no longer employed by DEFENDANT their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving DEFENDANT's employ, is in violation of California Labor Code sections 201, 202, and 203.

175.   Members of the CLASSES are entitled to recover from DEFENDANTS the statutory penalty wages for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code sections 203, plus interest and attorney's fees in the amount to be proven at trial.

### TWELFTH CAUSE OF ACTION
### (PRIVATE ATTORNEY GENERALS ACT CLAIM –
### LABOR CODE §2699, ET SEQ.)
### PLAINTIFFS AND MEMBERS OF THE CLASSES against ALL
### DEFENDANTS

176.   PLAINTIFFS and members of the CLASSES hereby refer to, reallege and incorporate the foregoing paragraphs and allegations, of this Complaint by reference, as though fully set forth herein.

177.   Pursuant to *Labor Code* §2699(a) (which provides that any provision of the *Labor Code* that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees) PLAINTIFFS seeks recovery or applicable civil penalties.

178.   Pursuant to *Labor Code* §2699(e) (which provides that for all provisions of the *Labor Code* except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions), PLAINTIFFS seek recovery of the applicable civil penalties pursuant to *Labor Code* §§2699(e)(2) as follows:

   a. One hundred dollars ($100.00) per pay period for the initial violation; and

---

b. Two hundred dollars ($200.00) per pay period for each subsequent violation.

179. *Labor Code* §2699.3(a) states in pertinent part: "A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of §2699 alleging a violation of any provision listed in §2699.5 shall commence only after the following requirements have been met: (1) The aggrieved employee or representative shall give written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation.

180. Here, PLAINTIFFS and members of the CLASSES' civil action alleges violation of provisions listed in *Labor Code* §2699.5. As such, *Labor Code* §2699.3(a) applies to this action, and *Labor Code* §26699.3(b) and §26699.3(c) do not apply to this action.

181. On June 28, 2016, PLAINTIFFS complied with *Labor Code* §2699.3(a) in that PLAINTIFF, on behalf of persons similarly situated, gave written notice by certified mail to the Labor and Workforce Development Agency (LWDA") and DEFENDANT of the specific provisions of the labor Code alleged to have been violated, including the facts and theories to support the alleged violation.

182. Labor *Code* §2699.3(a) further states in pertinent part "(2)(A) The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 30 calendar days of the postmark date of the notice received pursuant to paragraph (1). Upon receipt of the notice or if no notice is provided within 33 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699."

183. As of October 1, 2016 (more than 33 calendar days after PLAINTIFF's LWDA letters were mailed via certified mail), PLAINTIFFS had not received any notification that the LWDA intended to investigate the alleged violations.

184.   As such, PLAINTIFFS have complied with *Labor Code* §2699.3(a) and have been given authorization therefrom to commence a civil action which includes a cause of action pursuant to *Labor Code* §2699.

## THIRTEENTH CAUSE OF ACTION
### (UNFAIR BUSINESS PRACTICES)
### PLAINTIFFS AND MEMBERS OF THE CLASSES
### against ALL DEFENDANTS

185.   PLAINTIFFS and members of the CLASSES hereby refer to, reallege and incorporate the foregoing paragraphs and allegations, of this Complaint by reference, as though fully set forth herein.

186.   Within all times relevant herein, DEFENDANT, in an effort to exploit its workers for profit or otherwise, have engaged in the following unlawful, unfair, deceptive, and misleading business practices:

   a.   Failing to properly and timely pay properly calculated overtime of PLAINTIFFS and members of the CLASSES;

   b.   Failing to provide PLAINTIFFS and members of the CLASSES paid rest periods;

   b.   Failing to provide proper meal breaks and rest periods, or to pay premium wages for missed meal and rest periods to PLAINTIFFS and members of the CLASSES;

   c.   Failing to pay sick leave, owed money and vacation, fully reimburse business expenses and for uniform maintenance;

   d.   Failing to provide accurate wage statements to PLAINTIFFS and members of the CLASSES; and

   e.   Failing to pay all wages earned and owed to departing employees.

187.   The foregoing wrongful activities have caused harm, fear, pressure, and humiliation to the employee(s) at DEFENDANT.

188.   As a direct and proximate cause of DEFENDANT's unlawful, unfair, and/or fraudulent acts and practices described herein, DEFENDANT has received

and continues to hold ill-gotten gains belonging to PLAINTIFFS and members of the CLASSES. As a direct and proximate cause of DEFENDANT's unlawful business practices, to PLAINTIFFS and members of the CLASSES have suffered economic injuries including, but not limited to out-of-pocket business expenses, unlawful deductions from compensation, loss of minimum wage and overtime wages, compensation for missed meal and rest period, and waiting time penalties. DEFENDANT has profited from its unlawful, unfair and in the amount of those business expenses, improper deductions from compensation, unpaid minimum wages and overtime, unpaid compensation for missed meal and rest periods, and interests accrued by to PLAINTIFFS and members of the CLASSES.

189.    Pursuant to the provisions of *B&PC* §17203, PLAINTIFFS and members of the CLASSES are entitled to restoration of lost wages, unpaid business expenses, unlawful deductions, meal and rest periods and interests, DEFENDANT have collected by the use of the unfair, deceptive, and misleading business practices described in this Complaint.

190.    PLAINTIFFS and members of the CLASSES are entitled to enforce all applicable penalty provisions of the California *Labor Code* pursuant to *B&PC* §17202.

191.    PLAINTIFFS' success in this action will enforce important rights affecting the public interest. In this regard, PLAINTIFFS sue on behalf of the public as well as on behalf of themselves and others similarly situated. PLAINTIFFS seek and is entitled to reimbursement of business expenses, the unpaid compensation, declaratory and injunctive relief, civil penalties, and any other appropriate remedy.

192.    Pursuant to the provisions of *B&PC* § 17203, this Court should issue an injunction prohibiting DEFENDANT from engaging in the foregoing unfair, deceptive, and misleading business practices.

193.    In order to prevent DEFENDANT from profiting and benefitting from their wrongful and illegal acts and continuing those acts, an order requiring

DEFENDANT to disgorge all the profits and gains they have reaped and restore such profits and gains to PLAINTIFFS and members of the CLASSES, from whom they were unlawfully taken.

194.   PLAINTIFFS have assumed the responsibility of enforcement of the laws and lawful claims specified herein. There is a financial burden incurred in pursuing this action which is in the public interest. Therefore, reasonable attorney's fees are appropriate pursuant to *CCP* §1021.5.

195.   As a direct and proximate cause of the unfair business practices described above, PLAINTIFF, members of the CLASSES, and members of the general public have all suffered significant loses and DEFENDANT have been unjustly enriched.

196.   PLAINTIFF, members of the CLASSES, and members of the general public are entitled to: restitution of money acquired by DEFENDANT by means of their unfair business practices, in an amounts not yet ascertained but to be ascertained at trial; (b) injunctive relief against DEFENDANT's continuation of their unfair business practices; and (c) declaration that DEFENDANT's business practices are unfair within the meaning to the statute.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs LEA M. SMADJA, ANDREW RODRIGUEZ and members of the CLASSES and aggrieved employees pray for judgment against Defendant PETSMART, INC. and Does 1 through 50, inclusive, as follows:

 a. That the Court issue an Order certifying the Classes herein, appointing all named PLAINTIFFS as representative of all others similarly situated, and appointing all law firms representing all named PLAINTIFFS as counsel for the members of the Classes;

 b. An award of general, compensatory and liquidated damages in an amount to be determined at trial;

 c. Wages constituting overtime time pay, meal and rest breaks wages,

owed money earned and vacation, unpaid business expenses including interest and penalties, to the extent provided by law, including all applicable Labor Code penalties;

d. Waiting time penalties;

e. All applicable labor code penalties and additional wages, including but not limited to those provided for under California *Labor Code* §§225.5, 226, 226.3, 2644 et seq.

f. Injunctive relief prohibiting DEFENDANT from engaging in the unfair, deceptive, and misleading business practices described herein (Unfair Competition);

g. Restoration of all money gained by DEFENDANT and all money lost by PLAINTIFFS by DEFENDANT wrongly using the unfair, deceptive, and misleading business practices described in this Complaint (Unfair Competition);

h. Reasonable attorneys' fees;

i. Prejudgment interest;

j. All costs of suit herein incurred; and

k. Such other and further relief as the court may deem proper.

Dated: April _____, 2018          BITTON & ASSOCIATES


_____

OPHIR J. BITTON,

Attorneys for Plaintiffs
LEA M. SMADJA and
ANDREW RODRIGUEZ,
and all others similarly situated

First Amended Complaint
CASE NO. 17CV00379 (SVW)(JC)

42

Dated: April _____, 2018                    SHORTLEGAL, APC


_____

BRIAN SHORT
KRISTINA DE LA ROSA
Attorneys for Plaintiffs
LEA M. SMADJA and
ANDREW RODRIGUEZ,
and all others similarly situated


Dated: April _____, 2018                    COHELAN, KHOURY & SINGER


_____

MICHAEL SINGER
JEFF GERACI
Attorneys for Plaintiffs
LEA M. SMADJA and
ANDREW RODRIGUEZ,
and all others similarly situated

### DEMAND FOR JURY TRIAL

PLAINTIFFS hereby demand a trial of their claims by jury to the extent authorized by law.

Dated: April _____, 2018                    BITTON & ASSOCIATES


_____

OPHIR J. BITTON,

Attorneys for Plaintiffs
LEA M. SMADJA, ANDREW
RODRIGUEZ and all others similarly
situated

Dated: April _____, 2018          SHORTLEGAL, APC


                                     _____
                                     BRIAN SHORT
                                     KRISTINA DE LA ROSA
                                     Attorneys for Plaintiffs
                                     LEA M. SMADJA and
                                     ANDREW RODRIGUEZ,
                                     and all others similarly situated


Dated: April _____, 2018          COHELAN, KHOURY & SINGER


                                     _____
                                     MICHAEL SINGER
                                     JEFF GERACI
                                     Attorneys for Plaintiffs
                                     LEA M. SMADJA and
                                     ANDREW RODRIGUEZ,
                                     and all others similarly situated